FRANK SCHAFBERG v. MINNIE SCHAFBERG.

*Bill to annul marriage.*

1. How. St. § 6622 in requiring the issues raised upon a bill to annul a marriage to be tried by jury is not mandatory but secures to either party the right to a jury, unless it is waived. And it will be considered waived if after replication a motion is not made by one party, on notice to the other, for a feigned issue.

2. A divorce bill cannot be amended by substituting a prayer that the marriage be annulled.

Appeal from Wayne. (Jennison, J.) Jan. 11.—Jan. 22.

BILL for divorce. Defendant appeals. Reversed.

*Sylvester Larned* for complainant.

*James H. Pound* for defendant. A chancery bill cannot be so amended on the hearing as to radically change its purpose. *Davanbagh v. Davanbagh* 5 Paige 554.

CHAMPLIN, J. Complainant filed his bill of complaint in the circuit court for the county of Wayne, in chancery, on the 21st day of October, 1882, to obtain a divorce. He alleged that he was married to the defendant on or about September 27, 1882, and had never lived or cohabited with her since; that the marriage was consummated by force, duress and threats of imprisonment, against his will and while he was under the influence of intoxicating liquor and unable to assert his will or successfully oppose the mar-

riage which was forced upon him. He also charged, upon information and belief, that the defendant had been, and then was, a woman of unchaste character, and had been guilty of illicit carnal intercourse with a person named during the months of July and August, 1882, before the alleged marriage, which facts were wholly without the knowledge of complainant until within one week then passed. He prayed that defendant might answer, but not under oath, and that the marriage might be dissolved and a divorce decreed. The defendant answered, admitting the marriage but denying that it was consummated by force, duress and without his consent or against his will or while he was under the influence of intoxicating liquors to such an extent as to prevent the exercise of his will in a rational and intelligent manner. She also denied the charge of illicit intercourse with any person other than complainant. Replication was filed, and the parties proceeded to take proof under a stipulation, in open court, without a jury.

The cause was heard on pleadings and proofs and the court, on the 1st day of October, 1883, became satisfied, as appears, that the pleadings and proofs did not make out a cause for divorce, but that the proofs did warrant a decree for annulment of the marriage contract, and gave complainant leave to amend the prayer of his bill by withdrawing the prayer for divorce and inserting in the place thereof a prayer that the marriage be annulled and declared void, and without waiting for the amendment to be made or any issue formed in relation thereto, the court proceeded to render a decree that the marriage between the complainant and defendant be annulled and declared void on the ground of fraud, duress and intoxication. This decree appears to have been filed with the register on the 3d day of October, 1883, and the amendment to the bill was filed on the 5th day of October, 1883.

There is a material difference between a bill for a divorce from the bonds of matrimony and one to annul the marriage contract, not only in the consequences that arise from

a decree pronounced in the two cases, but in the method of proceeding.

Where a bill is filed to annul the marriage contract for any cause except the physical incapacity of one of the parties, and the defendant denies the allegations of the bill so as to raise an issue as to the legality of the marriage, the statute requires that the issues so raised shall be tried by a jury of the country. 2 Comp. L. § 5068. [How. St. § 6622.] We do not consider this statute mandatory upon the court and parties in all cases, but as securing to either party the right, if he chooses to exercise it, to have the issues tried by a jury. The parties will be deemed to have waived a trial by jury unless, after the filing of replication, one of them applies to the court, on notice to the adverse party, for a feigned issue. This has been the uniform practice in the courts of New York from whose statutes ours, in this respect, were adopted. 2 Barb. Ch. Pr. 251. The proceedings in this case were of such a nature as to deprive the defendant of the exercise of this right and cannot be upheld. The amendment allowed changed the entire nature of the relief sought, and no statute or practice, however liberal with regard to amendments, will justify it.

We have carefully considered the proofs in this cause. It would answer no good purpose to review or comment upon them in this opinion. Suffice it to say that we are all of opinion that the complainant entirely failed to substantiate the charges alleged in his bill of complaint : and it must be dismissed with costs of both courts.

A decree will be entered here reversing the decree of the court below and dismissing the bill of complaint with costs of both courts with an extra allowance to defendant of fifty dollars.

The other Justices concurred.