# JANUARY TERM, 1888.

## TIRZAH ROSE v. SAMUEL ROSE.

*Common-law marriage—Proof.*

Where the relation between a man and woman living and cohabitating together is *illicit* in its commencement, it is presumed to so continue until a changed relationship is proved; and subsequent *actual* marriage will not be presumed from continued cohabitation and reputation after the legal impediment to entering into such a contract is removed.

67 619
97 72

67 619
d116 186
116 187

67 619
125 340
125 341

67 619
147 323

Appeal from Newaygo. (Fuller, J.) Argued October 18, 1887. Decided January 5, 1888.

Bill for divorce and alimony. Defendant appeals from decree granting divorce with $6,000 alimony. Reversed and bill dismissed. The facts are stated in the opinion.

*Albert G. Day,* for complainant.

*George Luton,* for defendant.

SHERWOOD, J. This suit is brought by the complainant against the defendant to obtain a decree of divorce and alimony.

The bill does not expressly aver a marriage between the parties, but that they have lived and cohabited together, and that she has done so as his wife, since the month of September, 1862; that during said period seven children were born to them as the result of said intercourse and cohabitation, and that he has during said period recognized the complainant as his wife, and treated her as such, and paid bills contracted by her as such, and given the children his own name;

that she has worked for him, and helped earn his property, and treated him well; that for 10 years past he has been a hard drinker, and has become very abusive to her, and now refuses her support, or to recognize the marriage relation between them, or to treat her as his wife, and alleges that she is not his wife, nor entitled to any support from him, nor to any interest in his property; that she claims that she is his wife, and entitled to relief, and of the character she asks in her bill.

The defendant made answer, and says that he was not married to the complainant; that she came to his place in July, 1861, with two children, and he employed her to work for him; that she was married to a Mr. Wheeler in 1850, by whom she had the two children; that defendant knew at that time that she was married, and so remained until the twenty-third day of January, 1879, when she obtained a decree of divorce from said Wheeler.

Defendant avers that he never lived and cohabited with the complainant as his wife, but admits she remained at his home until the fourth day of February, 1886, and during this time she had six children, of whom four were born alive, and of whom two are now living, a son and daughter, and that he is the father of said children, but says that they were all born before complainant obtained her bill of divorce from Wheeler, and that he never recognized the complainant as his wife. He admits that he has paid bills of her contracting for goods used in his family, and by complainant and the children, and that the children, the fruits of the illicit intercourse, have been and are known by the name of Rose.

He denies the cruelty charged, and of being a drunkard, and avers that complainant left his house of her own accord, and without any occasion from him, and that when she went she left a residence "to which she is at any time welcome to return," and that he never at any time abused her, and does not refuse to support her.

Defendant further avers that, after complainant obtained her divorce, she desired and requested him to marry her, but he declined; and that the complainant then understood, as now, that he would never contract that relation with her.

These statements of portions of the contents of the bill and answer are sufficient to an understanding of the case upon the pleadings.

A large amount of testimony was taken, and the cause was heard before Judge Fuller, who made a decree declaring the complainant to be the legal wife of the defendant since the twenty-third day of January, 1879, and that the two children were the son and daughter of the parties, and that the defendant is guilty of the cruelty and excessive drinking charged in the bill.

The circuit judge further decreed a divorce between the parties, and that defendant pay to the complainant within 30 days the sum of $6,000 as permanent alimony.

Only two questions need be considered:

1. Has a marriage in fact been established between the parties at common law?

2. If so, has the cruelty charged been proved?

Of course, if the first is found against the complainant, there will be no necessity for the consideration of the other.

We shall not review the testimony in our discussion of the case at any great length. It has all been carefully examined, as well as the pleadings, and has failed to satisfy us that any marriage between these parties was ever agreed upon, or exists between them.

Certain it is that no valid marriage could have been contracted between them previous to the time complainant obtained her divorce from Wheeler, in January, 1879, and the record discloses no treaty between them looking to a marriage since that time.

Mr. Rose, in his answer, says that she once approached him upon the subject soon after she obtained her bill of

divorce, but that he then informed her that he should not contract such alliance with her; and the circumstance, in the consideration of this question, that the complainant herself nowhere in her bill of complaint, or in the subsequent proceedings, avers that the parties were ever married, or that anything like a marriage contract was ever attempted to be made between them, cannot be overlooked. This was a fact she knew, if it existed, and I think she should have given us the benefit of that knowledge, at least, in her bill of complaint. She can hardly expect that this Court will infer the most material fact in her case when she fails to allege in her bill its existence.

The complainant's bill, and her testimony relied upon to support it, present a sad exhibition of the indecencies and immoralities of these parties, and the continuance of which, through almost an entire generation, unpunished, is now sought by the complainant to be made the basis of the most sacred of all contracts known to the law.

A court of equity will never set its seal of confirmation to such baseness and immorality.

The decree of the circuit judge must be reversed, and complainant's bill dismissed.

CHAMPLIN and MORSE, JJ., concurred.

CAMPBELL, C. J., did not sit.