MAIER *v.* WAYNE CIRCUIT JUDGE.

1. EQUITY PRACTICE—LEGALITY OF MARRIAGE—TRIAL BY JURY.
   In a suit in equity to annul a marriage, the circuit court has discretionary authority, under 2 How. Stat. § 6622, providing that all issues upon the legality of marriages (except where physical capacity is involved) shall be tried by a jury of the country, to grant an application for the submission to a jury of the question whether the complainant was mentally competent to enter into the marriage contract, even though the suit has been several times noticed for hearing by the party making the application, and none of the notices have mentioned a jury trial.

| 112 | 491 |
| 115 | 171 |
| 112 | 491 |
| 122 | 387 |
| 112 | 491 |
| 144 | '238 |

2. SAME—WAIVER.

  The statute, however, is not mandatory, and the circuit judge, under such circumstances, may properly deny the application on the ground of waiver.

3. SAME—NATURE OF VERDICT.

  The verdict contemplated by said section is advisory only, and not binding upon the court.

*Mandamus* by John Maier, by William T. Dust, his guardian, to compel Willard M. Lillibridge, circuit judge of Wayne county, to set aside an order entered by him in a proceeding to annul a marriage, granting a trial by jury of the issue as to complainant's mental competency. Submitted April 6, 1897. Granted in part April 27, 1897.

*Frank T. Lodge*, for relator.

*James H. Pound*, for respondent.

HOOKER, J.   A bill of complaint was filed in the Wayne county circuit court, in chancery, on behalf of John Maier, by William T. Dust, his guardian, duly appointed on the 24th day of July, 1896, by the probate court of said county (said Maier having been that day, and in that proceeding, adjudged by said court to be an incompetent person), to annul a pretended ceremony of marriage alleged to have been solemnized on the 19th day of June, 1896, procured and brought about by and through the fraud and duress of one Elizabeth Coyle, with whom he afterwards cohabited.   The case was brought to an issue by answer and replication, and after several notices of hearing by each party, none of which made mention of a jury trial, the circuit judge, upon application of the defendant, at a time when the complainant was in attendance upon court with his witnesses for trial, made an order that the question whether John Maier was mentally competent be submitted to a jury of the county, the verdict to be reported back to the court; such verdict to be controlling and decisive on the issue thus submitted.   Counsel for complainant asks a *mandamus* to compel the vacation of said order.

This order is based on section 6622, 2 How. Stat., which reads:

"All issues upon the legality of a marriage (except where a marriage is sought to be annulled on the ground of the physical incapacity of one of the parties) shall be tried by a jury of the country."

We have no doubt of the authority of the court to frame an issue and submit it to the jury, under this section; and we are not disposed to interfere with his discretion, although it was not exercised earlier, or to correct by *mandamus* a supposed defect in practice, *i. e.*, the failure to base the order upon special motion. The judge had the authority to send the question to the jury upon his own motion, and nothing would be gained in this case by setting aside his order, as he might make another. The order indicates, however, that the judge considers the verdict of a jury conclusive upon him in a case submitted under this statute, and that defendant had a right to have the question submitted, and it is so contended by counsel for the defendant. It may be that the court would not have submitted it, had he thought that such a verdict is only advisory, and that he would not have made the order but for a belief that the right had not been waived. We therefore think best to discuss the subject.

This statute was before us in the case of *Schafberg* v. *Schafberg*, 52 Mich. 429. That was a bill which, as originally filed, prayed for a divorce. After answer and replication, it was heard upon proofs taken in open court without a jury, in accordance with a stipulation. The judge was of the opinion that the evidence did not justify a decree for divorce, but did warrant a decree for annulment of the marriage contract, and gave complainant leave to amend the prayer of the bill by withdrawing the prayer for divorce, and inserting in its place a prayer that the marriage be annulled and declared void, and, without waiting for the amendment, made a decree annulling the marriage on the grounds of fraud, duress, and intoxication. This court reversed the decree, apparently

upon two grounds: (1) That the amendment was improper; and (2) that the charges made in the bill were not proved. In discussing the first of these, Mr. Justice CHAMPLIN said that "there is a material difference between a bill for a divorce from the bonds of matrimony and one to annul the marriage contract, both in the consequences arising from the decree and the method of proceeding." He referred to the statute, and intimated that trial by jury is a matter of right, if seasonably and properly applied for, although the provision is not mandatory. It is also plain that the court did not consider a verdict binding upon the court, but that it should be given the usual effect of verdicts in equity cases, and attention is called to the practice in New York under a similar statute. It is said that these comments are *obiter dicta*. The decision is put upon two grounds, one of which is that the proof failed, and so it is possible to say that the decision would have been the same had the question of amendment been omitted; but it may also be said that the decision of the merits was *obiter* because the bill must have been dismissed upon the other ground so fully discussed.

But, whatever may be thought of the consideration given to this statute in the *Schafberg Case*, we may find some light thrown upon it by the case of *Brown* v. *Kalamazoo Circuit Judge*, 75 Mich. 274. This case arose upon a statute (Act No. 267, Pub. Acts 1887) which attempted to ingraft trial by jury upon equity practice; and, in a learned discussion of the subject by Mr. Justice CAMPBELL, this court vindicated the constitutional right of trial by a chancellor in equity cases, closing with the following emphatic utterance:

"Theory amounts to nothing in the history of jurisprudence. The system of chancery jurisprudence has been developed as carefully and as judiciously as any part of the legal system, and the judicial power includes it, and always must include it. Any change which transfers the power that belongs to a judge to a jury, or to any other person or body, is as plain a violation of the Con-

stitution as one which should give the courts executive or legislative power vested elsewhere."

The effect of this case is sought to be avoided in two ways—*First*, by impliedly denying its accuracy; and, *second*, by making an exception of proceedings to annul a marriage. In support of the first contention, counsel refers to the issue *devisavit vel non* as an instance when the verdict of the jury is binding upon the chancellor. This is said to be an issue sent from a court of chancery to a court of law to try the validity of a paper alleged and denied to be a will; to ascertain whether or not the testator did devise, or whether or not that paper was his will. Such practice obtained in England at an early day. See *Webb* v. *Claverden*, 2 Atk. 424, where it was said that "a fraud in procuring a will cannot be determined here, but must be decided by a trial at law," and such trial was directed. Again, in an earlier case, viz., *Kerrich* v. *Bransby*, 7 Brown, Parl. Cas. 437, it was said that "a will cannot be set aside in equity for fraud or imposition, because, if it is of personal estate, it may be set aside in the ecclesiastical court, and, if of real estate, it may be set aside at law on the issue *devisavit vel non*." See, also, *Shedden* v. *Patrick*, L. R. 1 H. L. Sc. 470. While this subject is now generally regulated by statute, this issue, and the accompanying right to have the verdict followed, probably came to this country as a recognized part of the jurisdiction of chancery, and may possibly not be obsolete in all of the States. But it is a settled rule that this is a single exception to the general rule in chancery that juries are discretionary and advisory. 2 Daniell, Ch. Prac. 1080; 2 Bish. Mar., Div. & Sep. § 675. Doubtless this is varied by statute in some States, where there may be no such constitutional provision as in our own, or where such provision, if one exists, may be differently construed. But this exception does not militate against the case of *Brown* v. *Kalamazoo Circuit Judge*, *supra*.

It is also said that proceedings to annul marriage are exceptional, because not properly belonging to chancery, except as it is given jurisdiction by statute. Counsel states· that the ecclesiastical courts alone had jurisdiction of these cases in England. The authorities, however, seem to hold that equity has jurisdiction over these cases where they can be based upon a ground which is within the cognizance of equity, such as fraud, duress, or want of capacity to contract. In 2 Bish. Mar. & Div. (5th Ed.) § 291, the author says:

"In the United States, as already observed, we have never had ecclesiastical courts; and, before other tribunals can take ' cognizance of causes ecclesiastical, they must receive statutory authority. Therefore a court of equity cannot entertain jurisdiction to avoid a marriage for impotence, or for any other like canonical defect. But in some cases of void marriages our equity courts interfere under their ordinary powers. Thus they have inherent jurisdiction over all questions of fraud, mistake, duress, and lunacy; and, when a marriage is alleged to be void by reason of one of these impediments, they ordinarily entertain the suit for having it so declared."

To the same effect is the case of *Wightman* v. *Wightman*, 4 Johns. Ch. 343, where Chancellor Kent seems disposed to go further than the above rule. See, also, *Anon.*, 24 N. J. Eq. 19.

We are satisfied, that this case is within the general jurisdiction of equity, and therefore clearly within the reason of *Brown* v. *Kalamazoo Circuit Judge, supra*, although we do not mean to intimate that the result would not be the same were the cause one which only came within the jurisdiction by virtue of a statute. We think that the statute in question was not mandatory, and might be waived, as said in the case of *Schafberg* v. *Schafberg, supra;* and where a case had been noticed for hearing without mention of a desire for a jury, especially when the party is in court ready. for trial, the court would be justified in denying trial by jury upon the ground that it had been waived. It does not follow, how-

ever, that he must deny it under such circumstances. We are also of the opinion that the verdict is advisory. The order is one that the court might lawfully make, except in so far as it attempts to determine that the verdict should be final.   To that extent only will we interfere with it, but in that particular it should be vacated, and the writ will issue requiring it.   Beyond this, we leave the subject to the discretion of the circuit judge, who is at liberty to vacate the order or not, as he may deem advisable.   Neither party will recover costs.

The other Justices concurred.