FLANAGAN *v.* FLANAGAN.

DIVORCE—ALLEGATION OF MARRIAGE—SUFFICIENCY—AWARD OF ALIMONY.

> A bill for divorce, alleging that complainant and defendant lived together as husband and wife until defendant deserted and abandoned complainant, and that, some years before such desertion, defendant informed complainant that he had a former wife living, but had obtained a decree of divorce from her, of which he showed a copy, and that, after consultation, they deemed it unnecessary to have another marriage ceremony performed, and continued to live together as husband and wife until the husband's desertion,—does not show the nonexistence of the marital relation, so as to render illegal a commitment for failure to comply with an order for temporary alimony based thereon.

*Certiorari* to St. Clair; Vance, J.   Submitted January 6, 1898.   Decided March 15, 1898.

Bill by Charlotte Flanagan against Howard Flanagan for a divorce.   Defendant was adjudged guilty of contempt in refusing to comply with an order for temporary alimony, and was committed to the county jail until such alimony should be paid.   He brings *certiorari*.   Affirmed.

Charlotte Flanagan filed a bill for divorce from defendant December 16, 1896, in which she alleged that she was married to him September 22, 1885; that they lived together as husband and wife until December 3, 1896, when he deserted and abandoned her; that October 16, 1893, defendant informed her that he had a former wife living, but that he had obtained a decree of divorce from her, and showed complainant a copy of it; that this was the first knowledge she had that he had been married before; that, after consultation, they deemed it unnecessary to have another marriage ceremony performed, as it would subject

both to suspicion, ridicule, and disgrace; that defendant informed her that such ceremony would be unnecessary; that they continued to live together as husband and wife till the date above mentioned, when he went through a ceremony of marriage with another woman; that he now claims that complainant is not his lawful wife; that he is seeking to drive her from the home where she lives, and gain possession for himself; that he has neglected and refused to support her, and has cruelly treated her. . The bill describes the real estate owned by him, prays for a divorce, and that he be enjoined from interfering with her possession, and from incumbering or disposing of his property. An injunction was issued. December 24th she presented a petition for alimony. Due notice of its presentation was given, and on the hearing an order was made granting alimony. Before this hearing defendant filed an answer, in which he denies his. marriage to complainant; admits his living with her, but alleges that their relations were unlawful; that she knew he had a wife living; admits his marriage with another woman, and asserts that she is his lawful wife. Upon his refusal to comply with the order for alimony, proceedings were taken against him for contempt. He was found guilty, and committed to jail. These proceedings are before this court for review.

*O'Brien J. Atkinson* and *W. E. Leonard*, for appellant.

*Avery Bros. & Walsh* (*Sparling, Law & Moore*, of counsel), for complainant.

GRANT, C. J. (*after stating the facts*). Counsel for defendant claim that the bill itself shows that complainant is not his lawful wife, and insist that the case is within *Clancy* v. *Clancy*, 66 Mich. 202, *Rose* v. *Rose*, 67 Mich. 619, and *Van Dusan* v. *Van Dusan*, 97 Mich. 70.

· In *Clancy* v. *Clancy* the relation of the parties was

evidenced by a written agreement, which the court held not to constitute a marriage, but only a state of concubinage. In *Rose* v. *Rose* the bill did not aver a marriage, or that defendant ever promised to recognize complainant as his wife. Their relation was an unlawful one. In *Van Dusan* v. *Van Dusan* a marriage was alleged in the bill, but upon the proofs the court found that there was none. Mr. Van Dusan was married when complainant and he entered into their unlawful relations. He afterwards obtained a divorce from his wife, and it was held that the parties did not, after that, change their unlawful relations.

In the present case, complainant alleges that she and defendant did change their relation after he had informed her of his former marriage and his divorce, and recognized the marriage ceremony which had been performed as binding upon them. We are not prepared to say that under these allegations the marital relation did not exist. Proofs are necessary to determine what the relation of the parties actually was, and this was the course pursued in two of the cases above cited.

The order of the court below is affirmed.

The other Justices concurred.