## FLANAGAN *v.* FLANAGAN.

1. DIVORCE—DENIAL OF MARRIAGE—SUBMISSION TO JURY—WAIVER OF RIGHT.

   Defendant in divorce proceedings, who denies the marriage, waives the right to have the issue submitted to a jury, under the provisions of 1 Comp. Laws 1897, § 444, where he makes no request for its submission.

2. COMMON-LAW MARRIAGE—EVIDENCE.

   Where a marriage ceremony is performed between two persons, who afterwards cohabit for eight years, until the woman discovers that the man, at the time of the ceremony, was undivorced from a former wife, and the parties agree, upon a divorce being obtained, that they will treat the ceremony as binding, and they continue for three years more to live together, they are properly held, in divorce proceedings, to be husband and wife.

Appeal from St. Clair; Vance, J.   Submitted October 25, 1899.   Decided December 21, 1899.

Bill by Charlotte Flanagan against Howard Flanagan for a divorce.   From a decree for complainant, defendant appeals.   Affirmed.

*Avery Bros. & Walsh ( Sparling, Law & Moore,* of counsel), for complainant.

*William E. Leonard,* for defendant.

MONTGOMERY, J.   This is an appeal by defendant from a decree for divorce and alimony.   The case was before this court for the purpose of having a review of a preliminary order.   The decision of the former appeal is reported in 116 Mich. 185.   The case has since been heard before the court, and the decree passed for the complainant, with an allowance of $400 permanent alimony.

It is contended that no marriage between the parties was proven; that, the marriage being in dispute, the

question should have been tried by a jury, under the provisions of section 444, 1 Comp. Laws 1897; and that there was a settlement between the parties which concludes complainant.

As to the question of procedure, it should be stated that the defendant made no demand or request that the issue as to the marriage be submitted to a jury, and must, therefore, be held to have waived the right, as was held in *Schafberg* v. *Schafberg*, 52 Mich. 429. See, also, *Maier* v. *Wayne Circuit Judge*, 112 Mich. 491.

On the former appeal it was insisted that no valid marriage existed between the parties, but, after a review of the cases upon which defendant now chiefly relies, Chief Justice GRANT held that proofs were necessary to determine what the relations of the parties were. Such proofs have now been had, and the circuit judge has found that in September, 1885, a marriage ceremony was performed between the parties, and that they continued to live and cohabit together from that time forward; that complainant knew that defendant had been previously married, but was told by him that he was divorced; that in 1893 defendant was for the first time divorced from his first wife, and that this came to the knowledge of complainant; that she then insisted on a new marriage ceremony, but defendant insisted that a new marriage ceremony would create a scandal; that it was not necessary; that they would treat the former marriage as binding; that they did continue to live together as husband and wife until December, 1896; and that the defendant introduced the complainant as his wife, and had her join with him in executing legal instruments, in which she was designated as his wife. The circuit judge was evidently of the opinion that there was an agreement to take each other as husband and wife, made after the former divorce, and that this made a valid marriage. In this view he is sustained by our former holdings. *Hutchins* v. *Kimmell*, 31 Mich. 126 (18 Am. Rep. 164); *Peet* v. *Peet*, 52 Mich. 464; *Flanagan* v. *Flanagan*, 116 Mich. 185.

The alleged settlement was not made under such circumstances as would justify a court of equity in enforcing it. The decree will be affirmed.

The other Justices concurred.