FIDELITY MUTUAL LIFE-INSURANCE CO. *v.* BLAIN.[1]

1. EQUITY— CANCELLATION — INJUNCTION — RESTRAINING SUIT AT LAW—GROUNDS.

Equity may entertain a bill to enjoin a suit already begun on a life-insurance policy and cancel the policy though the. grounds alleged may be urged in defense of the suit at law.

2. LIFE INSURANCE—ACTION ON POLICY—DEFENSES—SUICIDE.

On a bill to restrain a suit on a life-insurance policy and cancel the policy, evidence examined, and *held*, to support the finding of the jury that insured committed suicide.

Appeal from Wayne; Brooke, J. Submitted February 7, 1906. (Docket No. 102.) Decided May 24, 1906.

Bill by the Fidelity Mutual Life-Insurance Company of Philadelphia, against Alexander W. Blain, executor of the last will and testament of August Bender, deceased, to cancel a policy of insurance, and to restrain an action at law. From a decree for complainant, defendant appeals. Affirmed.

*Maybury, Lucking, Emmons & Helfman*, for complainant.

*William Look* (*Charles Flowers*, of counsel), for defendant.

MOORE, J. August Bender had a policy of insurance in complainant company. He died as a result of a shot from a revolver. The insurance company declined to pay the insurance, claiming it was obtained by means of false statements made in the application, and also because Mr. Bender committed suicide, which avoided the policy. Suit was commenced upon the law side of the court to recover the amount claimed to be due under the policy.

---

[1] Rehearing denied November 7, 1906.

The complainant then filed the bill of complaint in this case to restrain the action at law and to cancel the policy. In addition to filing an answer to the bill of complaint, the defendant filed a cross-bill, in which it claimed the policy of insurance was valid, that August Bender died as the result of an accidental shooting, and asked that the insurance company be required to answer the cross-bill, that a subpœna might issue to it, and that a decree might be entered against it for the full amount of the policy. To this cross-bill the insurance company interposed an answer. The defendant filed a replication, and later demanded "that a jury be impaneled to try the issues of fact involved in the above-entitled cause in accordance with section 462, 1 Comp. Laws of 1897." A jury was impaneled and testimony taken, which has resulted in a printed record of nearly 700 pages. The jury found that August Bender committed suicide. The circuit judge who heard the case expressed himself as satisfied that the jury reached a correct result upon the question of suicide, and entered a decree in favor of complainant. From a decree in favor of complainant, the case is brought here by appeal.

The first question involved is whether the court in chancery should entertain a bill of complaint of this character after the suit at law was begun. It is the claim of the solicitors that it is a well-settled rule of law that a court of equity will not usually enjoin an action at law on grounds which may be urged as a defense to such action, and that this was such a case. To sustain this claim of counsel it would be necessary to overrule *John Hancock Mut. Life-Ins. Co.* v. *Dick*, 114 Mich. 337 (43 L. R. A. 566), and *Mactavish* v. *Kent Circuit Judge*, 122 Mich. 242. Counsel ask us to do this. In the opinion in the last-named case, it was said of the opinion in the former case that it was carefully considered, and we are still of that opinion and are not inclined to overrule it. See, also, the opinions in *Fred Macey Co.* v. *Macey*, 143 Mich. 138.

We do not wish to be understood as holding that a circuit judge is imperatively required to interfere by injunc-

tion to restrain proceedings at law in every case where the equity jurisdiction is invoked. The authority to do so exists, but whether a preliminary injunction should issue depends upon the circumstances of each case and rests in the legal discretion of the circuit judge.

"Where the existence of a concurrent jurisdiction is recognized, whether it will be exercised or declined rests largely in the discretion of the court; considerations as to the adequacy of the legal remedy controlling the exercise of such discretion." 16 Cyc. p. 36.

We now come to the other questions, but we think a conclusion as to one will make a consideration of the others unnecessary. Did August Bender commit suicide? The jury answered the question affirmatively. The circuit judge thought they answered it correctly. It would profit no one for us to select from the long record the testimony tending to show suicide, and that supporting the theory of an accidental shooting. We shall content ourselves by saying that a careful study of this record satisfies us that the jury and the circuit judge were right in their answers to the question.

The decree is affirmed, with costs.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.