*In re* BENDER'S ESTATE.[1]

APPEAL OF BLAIN.

1. EXECUTORS AND ADMINISTRATORS — PROBATE COURT—JURISDIC-TION—ALLOWANCES TO ATTORNEYS.

    The probate court has no jurisdiction to order an executor to pay attorneys for services rendered in behalf of the estate he is administering.

2. APPEAL AND ERROR—REVIEW—MATTERS CONSIDERED—ORDERS NOT APPEALED FROM.

    An order of the probate court, directing the executor of an estate to pay attorneys for services rendered in behalf of the estate, having been entered without jurisdiction, the propriety of the payment was open to review on appeal from an order allowing the executor's account, though the order directing the payment was not appealed from.

3. EXECUTORS AND ADMINISTRATORS—ACCOUNTING — EXPENSES OF LITIGATION.

    An executor should be allowed his entire expenses and disbursements in preparing for the trial of suits against life insurance companies issuing policies on the life of the testator, the amounts being reasonable, notwithstanding the major portion of the amount involved will, on recovery, belong to the heirs and legatees.

Error to Wayne; Rohnert, J. Submitted May 6, 1908. (Docket No. 93.) Decided September 10, 1908.

Alexander W. Blain filed his first annual account as executor of the last will and testament of August Bender, deceased. The account was allowed in the probate court, and certain heirs and legatees appealed to the circuit court. There was judgment disallowing certain items of the account on a verdict directed by the court, and the executor brings error. Modified and affirmed.

*William Look*, for appellant.

*Herbert C. Munro* (*Arthur E. Schreiter*, of counsel), for appellees.

[1] Rehearing pending.

McALVAY, J.   Appellant, executor of the last will and testament of August Bender, deceased, filed his first account in the probate court for Wayne county. This account after a hearing was allowed. From this allowance certain heirs, devisees, and legatees appealed in due form to the circuit court for Wayne county, where the case was later heard before a jury, which, under the charge of the court, returned a directed verdict, disallowing three certain items in the said account. A judgment thereon was entered in the usual form, with costs to appellants, and ordering the record remitted to the probate court for further proceedings. The executor has brought the case to this court for review, assigning errors upon such action of the court, and asks this court to reverse and set aside the said judgment, and enter a judgment affirming the judgment of the probate court.

It will not be necessary to go into this accounting in detail, nor to state more facts contained in this voluminous record than will be sufficient to an understanding of the items of account in dispute. The three items directed to be disallowed by the circuit court are as follows:

(1) The item of $1,000 for services in the suit and collection of $10,000 on the Sun Life Assurance Company policy.

(2) The item of $433.33, deducted from the charge of $650, paid for depositions and obtaining evidence for defending suits.

(3) The item of $333.33, deducted from the charge of $500, to apply on costs of appeal.

The estate of August Bender consisted principally of insurance policies in old line companies, and beneficial certificates in mutual benefit companies. At the time of his death he held a policy of $10,000 in the Sun Life Assurance Company of Canada. Negotiations to settle this claim not succeeding, a suit was brought against the company, which was later settled and discontinued upon payment of the entire amount of the claim. For services rendered in this litigation the amount of the first item was

charged by the attorneys. The total amount of his life insurance, including this policy, was $49,000. Of this, $31,000 was paid. Of the balance of $18,000 uncollected, the estate was entitled to $6,000, and the heirs to $12,000. This was the amount involved in the litigation, out of. which the second and third items above referred to arose. For certain services claimed to have been performed as attorney for said estate, William Look filed a petition, asking the probate court to authorize and direct the executor to pay petitioner and his counsel the sum of $2,500, upon which a payment of $500 had been made. The prayer of this petition was granted by an order of the court on May 23, 1904, and the executor ordered to pay $2,000. This amount was included in the executor's account, appealed from in this case, and the charge of $1,000 for services in collecting the amount of the Sun Life policy. Appellant's attorney, Mr. Look, claims that as the order of May 23, 1904, was not appealed from, it was not before the court for consideration. The case of *Lothrop* v. *Duffield*, 134 Mich. 485, is authority for holding in this case that the probate court had no jurisdiction to make that order. The circuit court, therefore, was not precluded from considering the whole matter of the services of attorneys included in the order appealed from. In such consideration the court determined, as a question of. fact, that $2,500 was a sufficient sum for all services rendered in that case. We are not inclined to disturb such determination. Appellant does not complain that this question was not submitted to the jury. He conceded that it was one to be determined by the judge, and he asks this court to reverse it only upon the assumption that the judge determined it erroneously. It must not be inferred, however, that we decide that this question should not have been submitted to the jury.

Items 2 and 3 may be considered together. Several of the companies which had sold life insurance to Mr. Bender flatly refused to pay, on the ground that there was no liability by reason of suicide. A test case was made and

tried in the Wayne circuit court. A jury called in the case agreed with the contention of the company. The learned trial judge concurred in the opinion, and rendered a decree accordingly. The case was appealed to this court, and affirmed. *Fidelity Mutual Life Ins. Co. v. Blain*, 144 Mich. 218. The policy in question was one belonging to the estate. Eighteen thousand dollars of insurance was involved, of which $6,000 belonged to the estate. The court below held that the estate should pay but one-third of these items in question, and that the heirs and legatees should, according to their interests, pay two-thirds. No question is here as to the amounts of these items being excessive. This was litigation which was of importance to the estate. It was the duty of the executor to prosecute or defend diligently, and to pay the ordinary and necessary fees and charges. The fact that the result would affect the heirs and legatees is not controlling. The question is the necessity and reasonableness of the expenditure. The amounts of these two items were improperly disallowed by the circuit court. As a matter of law, we can say these charges should both have been allowed.

The judgment of the circuit court is modified, and the allowance for disbursements will be fixed at the sum of $4,611.14, and the balance due the estate fixed at $5,465.83. The cause will be remanded to the circuit court, and a judgment entered accordingly, and then be remitted to the probate court for further proceedings according to law. Costs will be allowed appellees in the circuit court and the executor in this court.

OSTRANDER, HOOKER, MOORE, and CARPENTER, JJ., concurred.