GRAY *v.* BERRIEN CIRCUIT JUDGE.

1. EQUITY—PRACTICE—TRIAL BY JURY BEFORE HEARING—STATUTES.
    It is within the power of a circuit judge, in the exercise
    of a legal discretion, to order a jury for the trial of an
    issue of fact in a chancery case, under section 12593, 3
    Comp. Laws 1915, before any testimony has been taken
    as well as after the testimony has been taken in whole
    or in part, since the verdict of the jury is not binding
    upon the court but is advisory merely.

2. MANDAMUS—IDLE CEREMONY.
    Mandamus to compel a circuit judge to set aside an order
    submitting an issue of fact to a jury in a chancery case
    before the hearing will not issue where it would be idle,
    since by having one or more witnesses sworn the judge
    could comply therewith, and then issue another order and
    so defeat its effect.
    BIRD, C. J., and FELLOWS, J., dissenting.

Mandamus by Humphrey S. Gray to compel Charles
E. White, circuit judge of Berrien county, to vacate
an order in chancery framing an issue and directing
its submission to a jury. Submitted March 26, 1919.
(Calendar No. 28,703.) Writ denied April 3, 1919.

*Cady & Andrews* and *Dallas Boudeman* (*George M.
Valentine* and *George W. Bridgman,* of counsel), for
plaintiff.

*I. W. Riford* and *Gore & Harvey* (*Ira A. Beck* and
*R. M. Ludlum,* of counsel), for defendant.

FELLOWS, J. (*dissenting*). A bill was filed in the
circuit court for the county of Berrien in chancery by
Clayton M. Niles as guardian of George F. Sonner, an
incompetent, to set aside a contract made with peti-
tioner upon the grounds of mental incapacity and un-
due influence. Answer was filed putting in issue the
allegations of the bill. Before a hearing, and before

any testimony was taken, on motion of the plaintiff in that case, respondent, circuit judge, made an order framing an issue and directing its submission to a jury. This proceeding is brought to vacate such order.

In the case of *Brown* v. *Kalamazoo Circuit Judge*, 75 Mich. 274 (5 L. R. A. 226, 13 Am. St. Rep. 438), this court had before it the validity of Act No. 267, Pub. Acts 1887, which provided for a trial by jury in equity cases and made the verdict of the jury final as to the facts. This court there held such act in conflict with the Constitution, and in the course of the opinion written by Mr. Justice CAMPBELL, it was said:

"The system of chancery jurisprudence has been developed as carefully and as judiciously as any part of the legal system, and the judicial power includes it, and always must include it. Any change which transfers the power that belongs to a judge to a jury, or to any other person or body, is as plain a violation of the Constitution as one which should give the courts executive or legislative power vested elsewhere. The cognizance of equitable questions belongs to the judiciary as a part of the judicial power, and under our Constitution must remain vested where it always has been vested heretofore."

The relator in the instant case therefore comes to this court armed with the right to an adjudication of his case in a court of equity and in accordance with the practice of that division of the judicial department. Is the order here reviewed in accordance with the practice on the equity side of the court as adopted and fixed in this State?

That "feigned issues" were known to the equity courts of England, and that issues of fact arising on the equity side of the court may be submitted to juries under our practice may be taken as well understood by the profession. Indeed, our own statute (3 Comp. Laws 1915, § 12593) permits such practice. This statute is the substantial re-enactment of a statute

long in force (see section 56, chap. 90, Rev. Stat. 1846),
and in force when the case of *Dunn* v. *Dunn,* 11 Mich.
284, to which we shall presently refer, was written.
That the findings of the jury are advisory merely, and
that the discretion rests in the chancellor to direct the
trial of an issue are also well understood by the pro-
fession. The questions here involved are:  May the
discretion of the chancellor be moved by an inspection
of the pleadings alone?  May the fact that the facts
are disputed alone justify the exercise of that dis-
cretion?  If so, in every contested equity case the
chancellor may transfer, at least in the first instance,
the responsibility of determining questions of fact to
a jury.  To reach an answer to these questions we
should understand the functions of the jury under
this statute, and the theory underlying its calling.
That the finding of the jury is advisory only, and
may be disregarded by the chancellor and this court
on appeal, is established.  Then why call a jury?  Why
submit an issue of fact to it?  The answer to these
questions we think is also well established:  To aid
and satisfy the conscience of the chancellor upon a
close question of fact.  Chief Justice Marshall, writing
for the court in *Harding* v. *Handy,* 11 Wheaton (U.
S.), 103, said:

"An issue, indeed, might have been directed; but
we do not think it a case in which this course ought
to have been pursued.  The degree of weakness, or
of imposition, which ought to induce a court of chan-
cery to set aside a conveyance, is proper for the con-
sideration of the court itself; and there seems to be no
reason for the intervention of a jury, unless the case
be one in which the court would be satisfied with the
verdict, however it might be found."

How, then, may it be determined that the conscience
of the chancellor needs the aid of the finding of a jury
of laymen?  By an inspection of the pleadings?  Most

assuredly not.   They give no glint of where the preponderance of the evidence finally will be found.   Defendant may most positively deny by his pleadings the facts alleged in the bill, but when the evidence is finally adduced it may all sustain plaintiff's claim. Plaintiff on the other hand may positively affirm a state of facts in his bill and fail absolutely in his proof.   In either event the conscience of the chancellor needs no aid to find the facts.   Where the testimony on a given issue is quite evenly balanced, the witnesses of equal credibility, the chancellor in doubt, the judgment of a jury of laymen as to where the truth lies may be of aid and assistance in solving the doubtful problem.   In Adams' Equity (8th Ed.), p. 376, it is said:

"An issue is directed where an incidental question of fact is so involved in doubt by conflicting or insufficient evidence that the court, considering the inefficiency of written testimony, is desirous of referring it to the verdict of a jury.   It can, however, only be adopted where the evidence creates a doubt, and not as a substitute for omitted evidence; and, therefore, the party claiming the issue must first prove his case by regular depositions."

In Fletcher's Equity Pleading and Practice, § 618, it is said:

"If the court is not satisfied upon the proofs which have been taken as to the truth of the case, it may direct a feigned issue to ascertain the facts.   As a general rule, it has, however, the power of determining all questions of fact without resorting to this mode of inquiry, and it should not be employed except where the conflict of witnesses or the obscurity of evidence is such as to make it doubtful on which side the preponderance of evidence lies."

And Justice CAMPBELL in the early case of *Dunn* v. *Dunn, supra,* speaking of the chancery judge, said:

"He cannot properly award an issue until he has

been unable to form a satisfactory conclusion on the hearing, upon some material facts, to which the issue must be legally confined."

The *Dunn Case* was written 56 years ago. It has not been modified by our later holdings, and is not modified by *Maier* v. *Wayne Circuit Judge,* 112 Mich. 491, which is relied upon by counsel for respondent. It will be noted from an examination of that case that another statute was there involved. We have examined the original files in that case. They show that the relator there insisted upon two propositions: (1) assuming the validity of the statute under consideration its provisions had been waived; (2) the act was invalid under *Brown* v. *Kalamazoo Circuit Judge, supra.* The reply to these contentions was that there had been no waiver, and that the jurisdiction of the chancery court over the subject-matter there involved was statutory and the practice could be regulated by statute. The order of the respondent in that case had made the finding of the jury controlling. This was held to be improper. Upon the question of whether the case was controlled by *Brown* v. *Kalamazoo Circuit Judge, supra,* it was said:

"We are satisfied that this case is within the general jurisdiction of equity, and therefore clearly within the reason of *Brown* v. *Kalamazoo Circuit Judge, supra,* although we do not mean to intimate that the result would not be the same were the cause one which only came within the jurisdiction by virtue of a statute."

But the question there before the court was not the question in the instant case, *i. e.,* when may the discretion of the chancellor be exercised, and upon what must it rest for its foundation? That case in no way militates against what was said in *Dunn* v. *Dunn, supra.* Under the holding in the *Dunn Case,* the dis-

cretion of the chancellor must rest upon testimony taken at the hearing and may not be moved by the claim of the parties in their pleadings.

It follows that the writ should be granted.

BIRD, C. J., concurred with FELLOWS, J.

BROOKE, J. I do not agree with the conclusion reached by my Brother FELLOWS in this matter. The statute provides (3 Comp. Laws 1915, § 12593):

"In chancery cases if there be an issue of fact which, in the opinion of the court, shall render the intervention of a jury necessary or proper, said court shall, on request of either party, order a jury impaneled for the trial thereof, and the verdict of such jury may be used upon the hearing of the cause."

While it is true that in the early case of *Dunn* v. *Dunn,* 11 Mich. 284, Justice CAMPBELL made use of the following language:

"An issue can only be granted at the hearing as a general thing and as this issue was so awarded, it is manifest that it must be confined not only to facts put in issue by the pleadings, but to facts concerning which some testimony has previously been introduced and read at the hearing."

An examination of that case will show that the propriety of ordering the issue to be tried by a jury was not questioned; neither was the point raised or discussed as to whether a jury could be called for the determination of an issue of fact only after testimony had been taken. As a matter of fact in that case the chancellor had taken testimony before the issue was framed, so that I think we can properly regard the language of the distinguished Justice as *obiter.* It will further be noticed that there were two other opinions in the case in neither of which is this point mentioned. The statute itself clearly imposes no limitation as to time upon the discretionary power to be exercised by the court.

In the case of *Maier* v. *Wayne Circuit Judge,* 112 Mich. 491, it is very apparent that the order for the jury was made before any testimony was taken. While the order was made under a different statute, Justice HOOKER, speaking for the court, said:

"We are satisfied that this case is within the general jurisdiction of equity, and therefore clearly within the reason of *Brown* v. *Kalamazoo Circuit Judge, supra,* although we do not mean to intimate that the result would not be the same were the cause one which only came within the jurisdiction by virtue of a statute. We think that the statute in question was not mandatory, and might be waived, as said in the case of *Schafberg* v. *Schafberg,* 52 Mich. 429; and where a case had been noticed for hearing without mention of a desire for a jury, especially when the party is in court ready for trial, the court would be justified in denying trial by jury upon the ground that it had been waived. It does not follow, however, that he must deny it under such circumstances. We are also of the opinion that the verdict is advisory."

The making of the order in that case was affirmed although modified so far as it attempted to make the finding of the jury final. I am satisfied that it is within the power of a circuit judge in the exercise of a legal discretion to order a jury for the trial of an issue of fact in a chancery case before any testimony has been taken as well as after the testimony has been taken in whole or in part. That practice was followed in the case of *Fidelity Mutual Life Ins. Co.* v. *Blain,* 144 Mich. 218, and seems to have been approved by this court in the review of that case. The claim that such a course would tend to deprive a court of equity of its jurisdiction to determine facts in equitable cases is without foundation. No one contends that the verdict of a jury in such a case is anything but advisory. In the last analysis the findings of fact must be made by the chancellor himself. He may agree or disagree with the verdict rendered by the jury, but upon him

rests the responsibility for a final determination in his court.

Further than this it seems to me that it would be idle to issue the mandamus for, as said by Justice HOOKER in *Maier* v. *Wayne Circuit Judge, supra:*

"The judge had the authority to send the question to the jury upon his own motion, and nothing would be gained in this case by setting aside his order, as he might make another."

If the order is set aside the learned circuit judge could proceed to hear the case and after one or more witnesses were sworn he could then order a jury and so defeat the effect of the mandamus and at the same time comply with the views of my Brother.

I am of opinion that mandamus should be denied.

OSTRANDER, MOORE, STEERE, STONE, and KUHN, JJ., concurred with BROOKE, J.