# STATE OF MICHIGAN

# COURT OF APPEALS

MARK L. RUGIERO,

        Plaintiff-Appellee,

v

GEORGE R. LUBIENSKI, and
CHRISTOPHER B. KROLL,

        Defendants,

and

PAUL M. LUBIENSKI,

        Defendant-Appellant.

UNPUBLISHED
August 30, 2016

Nos. 325254, 325257
Wayne Circuit Court
LC No. 12-011723-CZ

Before: RONAYNE KRAUSE, P.J., and SAWYER and STEPHENS, JJ.

PER CURIAM.

In these consolidated appeals[1], defendant Paul M. Lubienski appeals as of right the circuit court order transferring plaintiff Mark L. Rugiero's case to Wayne County Probate Court under MCR 2.227 for lack of subject-matter jurisdiction and the circuit court's denial of reconsideration of that order. We affirm in part and remand in part.

## I. BACKGROUND AND PROCEDURE

This case involves plaintiff's challenge to an amendment of the Pecar Family Trust that disinherited him. The Pecar Family Trust was executed on November 6, 2007. LeRoy Pecar

---

[1] *Rugiero v Lubienski*, unpublished order of the Court of Appeals, issued May 13, 2015 (Docket Nos. 325254, 325257).

(the decedent), grantor of the Pecar Family Trust, died testate on November 19, 2011. George R. Lubienski (George) and Paul M. Lubienski (defendant) were named as primary successor trustee and secondary successor trustee, respectively. George and defendant are attorneys. They are also father and son. Between the years of 2008 and 2010, the Pecar Family Trust was amended four times. The first amendment was executed on February 19, 2008, for the purposes of leaving the Pecar's home to their neighbor, Richard Krasicky.[2] The second amendment was executed on April 14, 2009, and changed the distribution of remaining Trust property to "1. Thirty-three and one-third percent (33.33%) to GEORGE R. LUBIENSKI. 2. Thirty-three and one-third percent (33.33%) to PAUL M. LUBIENSKI. 3. Thirty-three and one-third percent (33.33%) to MARK RUGGERIO [sic]."[3] The third amendment executed on October 27, 2009, appointed George and defendant as immediate co-trustees, along with decedent, due to decedent's and his wife's "age and physical condition." Decedent executed the fourth and last amendment on February 23, 2010, which disinherited plaintiff and left all residuary property, "1) 50% to George R. Lubienski. 2) 50% to Paul M. Lubienski."

Plaintiff learned that he was disinherited by decedent on January 10, 2012, after visiting the office of George and defendant. After being denied a petition for decedent's estate to be probated and for the appointment of a personal representative in probate court, plaintiff filed a complaint in circuit court against defendant, George and Christopher B. Kroll[4] on September 5, 2012, alleging undue influence (Count I) and tortious interference with inheritance (Count II). On November 3, 2014, the circuit court granted defendant partial summary disposition as to Count II, holding that the cause of action was not recognized in Michigan. The court sua sponte, noticed a hearing to consider transferring the undue influence claim to probate court for lack of subject-matter jurisdiction. The court afforded the parties the opportunity to brief the issue and to have oral argument. Both parties opposed the transfer and argued that the circuit court had concurrent jurisdiction with the probate court under MCL 700.1303(1)(a), (g) and (h) to determine property rights, impose a constructive trust and hear and decide a claim regarding the return of property from a fiduciary or trustee. The court disagreed in an opinion and order dated November 7, 2014, that transferred plaintiff's remaining Count I to probate court without costs. The court determined that plaintiff's undue influence claim fell within the exclusive jurisdiction of the probate court under MCL 700.1302(b)(iv) and (v). Defendant was denied reconsideration of the transfer order on December 5, 2014.

## II. SUBJECT-MATTER JURISDICTION

---

[2] The first amendment also devised $1,000 to Monsignor James Moloney of St. Anselm's Church.

[3] The second amendment also devised $10,000 to Richard Krasicky "for his help and assistance that he has shown [] over the years" and $1,000 to "friend" Betsy Hall.

[4] The circuit court granted summary disposition to defendant Christopher B. Kroll on August 21, 2014. Plaintiff's claims against George R. Lubienski were settled in case evaluation. Accordingly, we refer to Paul M. Lubienski only as defendant.

Plaintiff and defendant jointly argue that the circuit court erred in concluding that it lacked subject-matter jurisdiction, and in transferring plaintiff's case to probate court. We disagree.

"Whether a trial court has subject-matter jurisdiction is a question of law that this Court reviews de novo." *Etefia v Credit Techs, Inc*, 245 Mich App 466, 472; 628 NW2d 577 (2001). "The interpretation and application of the court rules, like the interpretation of statutes, is [also] a question of law that is reviewed de novo on appeal." *Colista v Thomas*, 241 Mich App 529, 535; 616 NW2d 249 (2000).

"[A] court is continually obliged to question sua sponte its own jurisdiction over a person, the subject matter of an action, or the limits of the relief it may afford[.]" *Yee v Shiawassee Co Bd of Com'rs*, 251 Mich App 379, 399; 651 NW2d 756 (2002). "Jurisdiction over the subject-matter is the right of the court to exercise judicial power over that class of cases, not the particular case before it, but rather the abstract power to try a case of the kind or character of the one pending...." *Joy v Two-Bit Corp*, 287 Mich 244, 253; 283 NW 45 (1938). Subject-matter jurisdiction is established by reference to the allegations in the complaint. *Neal v Oakwood Hospital Corp*, 226 Mich App 701, 707; 575 NW2d 68 (1997). "In determining jurisdiction, this Court will look beyond a plaintiff's choice of labels to the true nature of the plaintiff's claim." *Manning v Amerman*, 229 Mich App 608, 613; 582 NW2d 539, 541 (1998). "The question of jurisdiction does not depend on the truth or falsity of the charge, but upon its nature...." *Altman v Nelson*, 197 Mich App 467, 472; 495 NW2d 826 (1992).

Circuit courts are courts of general jurisdiction and have original jurisdiction over "all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state." *Farmers Ins Exch v South Lyon Community Schools*, 237 Mich App 235, 241; 602 NW2d 588 (1999), quoting MCL 600.605. Here, the circuit court determined that it lacked subject-matter jurisdiction over plaintiff's claims and that jurisdiction was instead vested exclusively in the probate court.

"The probate court . . . is a court of limited jurisdiction, deriving all of its power from statutes." *Manning*, 229 Mich App at 611. "The jurisdiction, powers and duties of the probate court and of the judges thereof shall be provided by law." Const 1963, art 6, § 15. Under MCL 600.841, the probate court has jurisdiction and power as conferred upon it under the Estates and Protected Individuals Code (EPIC), MCL 700.1101 *et seq*. MCL 700.1302 provides that the probate court "has exclusive legal and equitable jurisdiction" over the following matters:

> (a) A matter that relates to the settlement of a deceased individual's estate, whether testate or intestate, who was at the time of death domiciled in the county or was at the time of death domiciled out of state leaving an estate within the county to be administered, including, but not limited to, all of the following proceedings:
>
> (i) The internal affairs of the estate.
>
> (ii) Estate administration, settlement, and distribution.

(iii) Declaration of rights that involve an estate, devisee, heir, or fiduciary.

(iv) Construction of a will.

(v) Determination of heirs.

(vi) Determination of death of an accident or disaster victim under section 1208.

(b) A proceeding that concerns the validity, internal affairs, or settlement of a trust; the administration, distribution, modification, reformation, or termination of a trust; or the declaration of rights that involve a trust, trustee, or trust beneficiary, including, but not limited to, proceedings to do all of the following:

(i) Appoint or remove a trustee.

(ii) Review the fees of a trustee.

(iii) Require, hear, and settle interim or final accounts.

(iv) Ascertain beneficiaries.

(v) Determine a question that arises in the administration or distribution of a trust, including a question of construction of a will or trust.

(vi) Instruct a trustee and determine relative to a trustee the existence or nonexistence of an immunity, power, privilege, duty, or right.

(vii) Release registration of a trust.

(viii) Determine an action or proceeding that involves settlement of an irrevocable trust.

(c) Except as otherwise provided in section 1021 of the revised judicature act of 1961, 1961 PA 236, MCL 600.1021, a proceeding that concerns a guardianship, conservatorship, or protective proceeding.

(d) A proceeding to require, hear, or settle the accounts of a fiduciary and to order, upon request of an interested person, instructions or directions to a fiduciary that concern an estate within the court's jurisdiction. [MCL 700.1302(a)-(d)].

In addition to the probate court's exclusive jurisdiction under MCL 700.1302, the probate court also has concurrent jurisdiction under MCL 700.1303, over "the following in regard to an estate of a decedent, protected individual, ward, or trust:"

(a) Determine a property right or interest.

(b) Authorize partition of property.

(c) Authorize or compel specific performance of a contract in a joint or mutual will or of a contract to leave property by will.

(d) Ascertain if individuals have survived as provided in this act.

(e) Determine cy-pres or a gift, grant, bequest, or devise in trust or otherwise as provided in 1915 PA 280, MCL 554.351 to 554.353.

(f) Hear and decide an action or proceeding against a distributee of a fiduciary of the estate to enforce liability that arises because the estate was liable upon some claim or demand before distribution of the estate.

(g) Impose a constructive trust.

(h) Hear and decide a claim by or against a fiduciary or trustee for the return of property.

(i) Hear and decide a contract proceeding or action by or against an estate, trust, or ward.

(j) Require, hear, or settle an accounting of an agent under a power of attorney.

(k) Bar an incapacitated or minor wife of her dower right. [MCL 700.1303(1)(a)-(k).]

The purpose of concurrent jurisdiction is to simplify estate proceedings "by consolidating the probate and other related actions or proceedings in the probate court." MCL 700.1303(3). "Where the exercise of a concurrent jurisdiction is recognized, whether it will be exercised or declined rests largely in the discretion of the court[.]" *Fid Mut Life Ins Co v Blain*, 144 Mich 218, 220; 107 NW 877 (1906) (quotation omitted).

On appeal, both plaintiff and defendant argue that plaintiff's claims fall under MCL 700.1303, the statute for concurrent jurisdiction. However, "subject matter jurisdiction cannot be conferred on the court by the consent of the parties." *In re Hatcher*, 443 Mich 426, 433; 505 NW2d 834 (1993). As previously stated, subject-matter jurisdiction is determined by the complaint allegations, not by stipulation. *Neal*, 226 Mich App 707.

The circuit court determined that exclusive jurisdiction of plaintiff's claim rested with the probate court under MCL 700.1302(b)(iv) (ascertain beneficiaries) and (v) (determine a question that arises in the administration or distribution of a trust). We agree. A review of the complaint allegations shows that plaintiff was asking the circuit court to determine that he was a beneficiary under the Trust and then to distribute his rightful share to him. The complaint alleged that after a third amendment to the Trust, plaintiff expected to receive one-third of the residuary Trust estate, however, he was disinherited by a fourth amendment that was a product of undue influence by defendant. These allegations clearly involve an ascertainment of beneficiary status and a question regarding the administration or distribution of a trust. These issues are within the exclusive jurisdiction of the probate court. MCL 700.1302(b)(iv) and (v).

Defendant contends that plaintiff's claims fit under MCL 700.1303(1)(a) (determine a property right or interest), (g) (impose a constructive trust), and/or (h) (a claim against a fiduciary or trustee for the return of property). We disagree. It is true that the complaint alleged that plaintiff had a right to one-third share of the Trust residue, which would involve the determination of a property right, but that property right is dependent on plaintiff's status as a beneficiary of the Trust. Thus, the determination of plaintiff's right or interest flows from plaintiff's status under the Trust. MCL 700.7103 defines "Trust beneficiary" as "a person to whom 1 or both of the following apply: (i) The person has a present or future beneficial interest in a trust, vested or contingent [and] (ii) The person holds a power of appointment over trust property in a capacity other than that of trustee." MCL 700.7103(*l*). Additionally, "[d]istribution of trust property to the proper beneficiary is a primary administrative duty of a trustee. MCL 700.7401(1), (hh)." *In re Temple Marital Trust*, 278 Mich App 122, 133; 748 NW2d 265 (2008). Plaintiff's beneficiary status has not been determined. If plaintiff is not a beneficiary, then he has no right or interest in property or the return of property under the Trust. At most, plaintiff's claims under MCL 700.1303(1)(a) and (h) would be joined with the exclusive probate claim to ascertain beneficiaries under MCL 700.1303(3) as a related action. The same goes with MCL 700.1303(1)(g). As stated in 76 Am Jur 2d, Trusts, § 175, p 230, "[a] constructive trust requires money or property identified as belonging in good conscience to the plaintiff which can clearly be traced to particular funds or property in the defendant's possession."

Defendant's argument that the circuit court has concurrent jurisdiction to adjudicate plaintiff's claims under MCL 700.1303(1)(a), (g) and/or (h) is also erroneously premised on the status of the Trust estate at the time plaintiff filed the complaint and not, as required, on the complaint allegations. Defendant argues that MCL 700.1302(b)(iv) does not apply because by the time of the complaint filing, "that ship ha[d] sailed" and the Trust assets were already distributed. Plaintiff agrees with this reasoning. Neither defendant nor plaintiff however, cites authority supporting that the probate court loses exclusive jurisdiction to hear petitions after Trust proceeds have been distributed. Defendant also contends that the trial court should have just "treated" plaintiff "as if he was [a beneficiary] for *damage-assessment* purposes." Again, plaintiff's right to any damages is entirely based on his status as a beneficiary. It is for this reason that we are also not persuaded by the unpublished cases cited by defendant that involve plaintiffs whose statuses as beneficiaries are not at issue.

Although plaintiff labels his claim as one of undue influence, the gravamen of his cause of action is that he is a beneficiary under the Trust and as such, was not distributed his one-third share of decedent's Trust estate. The ascertainment of beneficiaries and questions regarding distribution and administration of a trust are claims within the exclusive jurisdiction of the probate court. Accordingly, we conclude that the court did not err in transferring plaintiff's remaining claim of undue influence to the probate court for lack of subject matter jurisdiction.

## III. MOTION FOR RECONSIDERATION

Defendant next argues that the circuit court was required to order reasonable compensation to defendant as a condition of the transfer of plaintiff's case to probate court under MCR 2.227(A)(2). We agree. Because the court did not make a ruling on this issue, remand is appropriate.

-6-

This Court reviews a trial court's decision on a motion for reconsideration, *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 629; 750 NW2d 228 (2008), and decision whether to award attorney fees and costs, *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008), for an abuse of discretion. "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Id*. This Court reviews a trial court's interpretation of court rules de novo. *Szymanski v Brown*, 221 Mich App 423, 433; 562 NW2d 212 (1997).

MCR 2.227(A) provides

(1) When the court in which a civil action is pending determines that it lacks jurisdiction of the subject matter of the action, but that some other Michigan court would have jurisdiction of the action, the court may order the action transferred to the other court in a place where venue would be proper. . . .

(2) As a condition of transfer, the court shall require the plaintiff to pay the statutory filing fee applicable to the court to which the action is to be transferred, and to pay reasonable compensation for the defendant's expense, including reasonable attorney fees, in attending in the wrong court. [MCR 2.227(A)(1)-(2)].

This issue was first raised by defendant in a motion for reconsideration. A motion for rehearing or reconsideration must demonstrate that "(1) the trial court made a palpable error and (2) a different disposition would result from correction of the error." *Luckow v Luckow*, 291 Mich App 417, 426; 805 NW2d 453 (2011) citing MCR 2.119(F)(3). "Palpable" is defined as " '[e]asily perceptible, plain, obvious, readily visible, noticeable, patent, distinct, manifest.' " *Stamp v Mill Street Inn*, 152 Mich App 290, 294; 393 NW2d 614 (1986), quoting Black's Law Dictionary (5th ed). "Ordinarily, a trial court has discretion on a motion for reconsideration to decline to consider new legal theories or evidence that could have been presented when the motion was initially decided." *Yoost v Caspari*, 295 Mich App 209, 220; 813 NW2d 783 (2012). This Court will not find an abuse of discretion when the trial court has denied "a motion resting on a legal theory and facts which could have been pled or argued prior to the trial court's original order." *Charbeneau v Wayne Co Gen Hosp*, 158 Mich App 730, 733; 405 NW2d 151 (1987). "A circuit court does not err by declining to consider legal arguments raised for the first time in a motion for reconsideration." *Pierron v Pierron*, 282 Mich App 222, 264; 765 NW2d 345 (2009).

Defendant's motion for reconsideration requested reasonable attorney fees and costs incurred for attending in the wrong court, or in the alternative remand for an evidentiary hearing to determine the amount of reasonable fees to be awarded. In support of his motion, defendant attached an affidavit from defense attorney Melissa E. Graves averring the amount of hours spent she and other individuals worked on defendant's case along with their rates per hour. Defendant also attached the "2014 Economics of Law Practice Attorney Income and Billing Rate Summary Report" published by the State Bar of Michigan. The court issued an order denying reconsideration after review of defendant's motion and brief, exhibits and the court's prior opinion and order.

The record does not provide us with the basis for the court's determination that defendant was not entitled to any compensation. It is possible that the court determined that all of defendant's expenses were not incurred due to filing in the wrong court. However, we will not

speculate when the payment of reasonable expenses occasioned by filing in the wrong court is mandatory under MCR 2.227(A)(2). "As a condition of transfer, the court *shall* require the plaintiff to pay the statutory filing fee applicable to the court to which the action is to be transferred, and to pay reasonable compensation for the defendant's expense, including reasonable attorney fees, in attending in the wrong court." MCR 2.227(A)(2) (emphasis added). In this case the court's silence leads us to conclude that the court abused its discretion in not granting defendant's motion for reconsideration in regard to MCR 2.227(A)(2) only. Defendant demonstrated that a palpable error occurred where the court rule mandates the statutory filing fee and reasonable compensation be paid as a condition of transfer and the circuit court failed to rule on the issue. Therefore, we remand to the circuit court for an evidentiary hearing to determine the total amount of reasonable compensation, including attorney fees, due defendant for attending in the wrong court.

We affirm the circuit court's holding that it lacked subject-matter jurisdiction. We remand the issue of reasonable compensation for an evidentiary hearing. We do not retain jurisdiction.


/s/ David H. Sawyer
/s/ Cynthia Diane Stephens