EAGEN v. BRAINARD.

1. Executors and Administrators — When Administrator's Claim Contested Estate Should be Represented by Some One Appointed.

When an administrator has a personal contested claim before commissioners of the same estate, it is proper practice for him to request the probate court to appoint some one to look after the interests of the estate as respects such claim.[1]

2. Same—Decree for Administratrix Affirmed Where Merits of Claim Examined Although Proceedings Before Commissioners Irregular.

Where, in a suit by an administratrix under 3 Comp. Laws 1915, § 13859, to subject a mortgage or its proceeds to the payment of her claim allowed by the commissioners, proofs were taken and the merits of the claim examined into, the decree in favor of plaintiff is affirmed, although the proceedings before the commissioners were irregular in that no one was appointed to represent the estate.[2]

Appeal from Allegan; Cross (Orien S.), J.    Sub-

[1]Executors and Administrators, 24 C. J. § 935; [2]Id., 24 C. J. § 2267.

mitted April 8, 1925.     (Docket No. 31.)     Decided
June 18, 1925.

Bill by Vera H. Eagen, administratrix of the estate
of Augusta Brainard, deceased, against Kellogg Brain-
ard to subject a mortgage or its proceeds to the pay-
ment of a claim.     From a decree for plaintiff, defend-
ant appeals.     Affirmed.

' *Clare E. Hoffman,* for plaintiff.

*John H. Bloem,* for defendant.

BIRD, J.     Augusta Brainard, the deceased, was a
woman of limited means, and in the last years of her
life was in very poor health.     For four years prior
to her death she lived with, and was cared for by,
her daughter, the plaintiff, Vera H. Eagen.     While
living with plaintiff she loaned her and her husband
$650, and the same was secured by a real estate mort-
gage.     Later, and before she died, she assigned the
mortgage to her son, Kellogg Brainard, in trust, to pay
the expense for her care and living, and the balance, if
any, to pay the expense of the last sickness and death,
including funeral expenses.     After her death the de-
fendant, Kellogg Brainard, who was trustee, denied
that plaintiff was entitled to anything for the care
and attention she had given her mother.     She there-
upon made an application to the probate court to be
appointed administratrix of her mother's estate, and
this order was made in due time.     She then presented
her account to the two commissioners appointed by
the court.     Subsequently she made her proofs that
she took care of her mother, with the mutual under-
standing that she was to be paid for her services and
was to receive in payment what there was left of the
estate after paying expenses of the last sickness and
funeral expenses.     Her claim was allowed by the
commissioners at the sum of $1,608.     No appeal was

taken from the order of the commissioners. This bill was then filed under the provisions of section 13859, 3 Comp. Laws 1915, to subject the mortgage or proceeds to the payment of her claim.

Defendant answered and charged that plaintiff's bill for services was a fraudulent one. That no legal agreement was shown which would justify a judgment in her behalf, and that the manner in which the judgment was obtained was a fraud upon the estate. A hearing was had and the chancellor found that there was an agreement between plaintiff and her mother that she should be paid for her services after her death, and held that after the trustee had paid the funeral expenses plaintiff should be entitled to the balance, about $211, to apply on her judgment. From this decree defendant appeals and makes substantially the same claims in this court.

The question of fraud is raised because the act of plaintiff in presenting a claim to the commissioners left plaintiff in the attitude of both plaintiff and defendant, and really left the estate without any one to look after its interest. Ordinarily, when an administrator has a personal contested claim before commissioners of the same estate, it is proper practice for him to request the probate court to appoint some one to look after the interests of the estate as respects such claim. This, however, was not done in the present case. This raises a very serious question, and we should be inclined to set aside the judgment were it not for the fact that the chancellor did not accept as final in the present proceeding the conclusion of the commissioners, but instead took proofs and re-examined the basis for the judgment rendered, and found there was a contract between plaintiff and her mother, and that the judgment was reasonable in amount, but he held that if there were any question as to whether the judgment was reasonable in amount, no harm would result, as all plaintiff would receive

on her judgment of $1,608 was about $211.    The chancellor found no intentional fraud on the part of any one connected with the estate.    Under these circumstances we think the rights of defendant and the estate were amply protected, even though the practice before the commissioners was irregular, and that there is no equitable ground for a reversal of the decree.    The decree is in accordance with the wishes of the deceased, and in accordance with the terms of the trust, and was an equitable conclusion.

The decree will be affirmed, with costs against the defendant personally.

In view of the conclusion we have reached it will be unnecessary to pass upon the motion to dismiss the appeal.

McDONALD, C. J., and SHARPE and MOORE, JJ., concurred.    CLARK, STEERE, FELLOWS, and WIEST, JJ., concurred in the result.