144 Mich. App. 283 (1985)
375 N.W.2d 416
In re MEZO ESTATE
FLLOK
v.
MEZO
Docket No. 78970.
Michigan Court of Appeals.
Decided July 15, 1985.
Paterson & Paterson (by John S. Paterson), for respondent.
Law Office of W.J. Drillock (by David W. Hearsch), for petitioners.
Before: T.M. BURNS, P.J. and ALLEN and M.J. TALBOT,[*] JJ.
*285 ALLEN, J.
In this matter of first impression we are asked to decide whether the probate court, in the routine settlement of a decedent's estate, has the jurisdiction to hold conveyances of real and personal property void as a fraud on creditors pursuant to § 9(1) of the Uniform Fraudulent Conveyance Act. MCL 566.19; MSA 26.889. The probate court answered this question in the affirmative and the circuit court affirmed. We reverse.
Frank Mezo, Sr., died on April 21, 1977. His surviving spouse filed a petition for commencement of proceedings in probate court for Sanilac County on October 19, 1977, listing a personal estate of $3,855.51 and no real estate. The probate court hearing on claims was held on June 19, 1979, and claims totaling $23,740.93 were allowed. On June 27, 1979, orders were signed allowing the claim of Henry Diem, Inc. for a promissory note for $19,240.93, and the claim of the Henry Diem estate for a promissory note for $4,500. The probate court ordered these claims to be paid against the Estate of Frank Mezo, Sr., deceased.
On May 6, 1980, the personal representative, some of the decedent, filed the final account and asked to close the estate. On May 14, 1980, the representative of the Diem estate filed an objection to the final account, and in that petition stated that the decedent had "hundreds of thousands of dollars worth of farm equipment, machinery and interest in real estate", and that this was a fraud upon the creditors and should be included in the decedent's estate since the transfer constituted a fraud on the creditors pursuant to the Uniform Fraudulent Conveyance Act. Apparently, before his death, the decedent had transferred the bulk of his estate to "Mezo Farms Partnership".
The probate court held that all the conveyances were null and void and that any transfer of property *286 to the partnership was cancelled and the property was returned to the decedent's estate. The court so ruled based on the court's finding that no partnership certificate was ever filed in Sanilac County or anywhere else and consequently a partnership never existed. Further, the court stated that the proceeds from the property returned to the Mezo Estate should be used to pay the claims of the estate of Henry Diem and Henry Diem, Inc.
The personal representative of the Mezo estate appealed as of right to the circuit court for Sanilac County. The circuit court affirmed the lower court. The representative moved for reconsideration on the basis of lack of subject-matter jurisdiction. The motion was denied by order dated November 21, 1983. Appeal to this Court by leave granted followed.
Appellant argues that the action taken by the probate court was equitable in nature; that probate courts derive their jurisdiction and power from statutes; that, unless specifically stated, probate courts do not possess equity jurisdiction; and that the power to set aside fraudulent conveyances in the settlement of estates is not expressly or by implication conferred in the statutes. Appellee argues that probate courts have jurisdiction over the settlement of decedent estates; that concurrent equity jurisdiction is vested in the probate court where it is "ancillary" to the exercise of the power expressly conferred. MCL 700.22; MSA 27.5022.
The probate court acted pursuant to authority found in § 9 of the Uniform Fraudulent Conveyance Act, which reads as follows:
"(1) Where a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has matured, may, as against any person except a purchaser *287 for fair consideration without knowledge of the fraud at the time of the purchase, or one who has derived title immediately or mediately from such purchaser;
"(a) Have the conveyance set aside or obligation annulled to the extent necessay to satisfy his claim, or
"(b) Disregard the conveyance and attach or levy execution upon the property conveyed.
"(2) A purchaser who without actual fraudulent intent has given less than a fair consideration for the conveyance or obligation, may retain the property or obligation as security for repayment." MCL 566.19; MSA 26.889.
In the instant case, the probate court acted pursuant to § (1)(a) of the statute. This jurist held in Brownell Realty, Inc v Kelly, 103 Mich App 690, 698; 303 NW2d 871 (1981), that action taken under § 9(1)(a) is equitable while action taken pursuant to § 9(1)(b) is a legal remedy based on disregarding the conveyance as fraudulent and levying execution upon the conveyed property. Since the probate court acted under § 9(1)(a), the question so raised is whether a probate court has the equity jurisdiction to void a conveyance, based on the Uniform Fraudulent Conveyance Act.
The Michigan Constitution, art VI, § 15, provides that the probate court's jurisdiction, powers, and duties shall be provided by law. The jurisdiction and power of the probate court is set forth in MCL 600.841; MSA 27A.841, as follows:
"The probate court has jurisdiction and power as follows:
"(a) As conferred upon it under the revised probate code.
"(b) As conferred upon it under chapters 10, 11 and 12a of Act No. 288 of the Public Acts of 1939, as amended, being sections 710.21 to 712a.28 of the Michigan Complied Laws.
*288 "(c) As conferred upon it under Act No. 258 of the Public Acts of 1974, as amended, being sections 330.1001 to 330.2106 of the Michigan Compiled Laws.
"(d) As conferred upon it under this act.
"(e) As conferred upon it pursuant to any other law or compact."
The Revised Probate Code, MCL 700.21; MSA 27.5021, vests the probate court with exclusive jurisdiction of:
"(a) Matters relating to the settlement of the estate of a deceased person, whether testate or intestate, who was at the time of death domiciled in the county or was at the time of death domiciled without the state leaving an estate within the county to be administered."
Nothing in the above statutory language expressly confers equity jurisdiction. In the absence of statutory language granting equity powers, a tribunal is not vested with equitable jurisdiction:
"Where the court has not been granted general equity powers, being authorized to act as a court of equity only in certain cases and classes of cases, the rule of a strict construction applies, insofar as the ascertainment of the range of jurisdiction is concerned. Consequently, it is necessary for a plaintiff to make it appear affirmatively on the face of his pleading that his case is within the jurisdiction of the court." 27 Am Jur 2d, Equity, § 6, p 524.
"The jurisdiction and powers of the probate court are derived entirely from the statutes and probate courts are incapable of dealing completely with ordinary right." Ashbaugh v Sinclair, 300 Mich 673, 676; 2 NW2d 810 (1942).
Nevertheless, appellee argues that equitable jurisdiction is conferred upon probate courts in the settlement of estates under the concurrent jurisdiction granted probate courts by MCL 700.22; *289 MSA 27.5022, which provides in relevant part as follows:
"(1) Except where exclusive jurisdiction is given in the state constitution of 1963 or by statute to some other court, or where the probate court is denied jurisdiction by the constitution or statutes of this state, in addition to the jurisdiction conferred by section 21 and other laws, the probate court has concurrent jurisdiction of any of the following when ancillary to the settlement of an estate of a decedent, ward, or turst:
"(a) To determine the validity of and resolve claims involving title to real and personal property." (Emphasis supplied.)
We disagree.
Overlooked by appellee is the prefatory language cited above: "Except where exclusive jurisdiction is given * * * by statute to some other court." Not cited by appellee is § 617 of the Revised Probate Code, MCL 700.617; MSA 27.5617 (1978 PA 642, effective July 1, 1979), providing that where the decedent has conveyed property to defraud creditors:
"The fiduciary shall sue in any proper action and recover for all goods, chattels, rights, credits, or assets of any kind which may have been so fraudulently conveyed by the decedent or ward, whatever may have been the manner of the fraudulent conveyance, or which may have been so conveyed or caused to be conveyed that the conveyance is void as against creditors, or so conveyed or caused to be conveyed that in equity the grantee is a trustee for the benefit of the creditors of the decedent or ward." (Emphasis supplied.)
Suits to set aside alleged fraudulent conveyances under this statute and similar prior laws have been in circuit court. Eagen v Brainard, 231 Mich 481; 204 NW 98 (1925); Wright v Brown, 317 Mich *290 561; 27 NW2d 97 (1947). Because there is a specific statute covering the situation involved in the instant case and because the jurisdiction of the probate court is limited unless otherwise expressly conferred, we find that the probate court did not have the equity jurisdiction to declare the conveyances void under the Uniform Fraudulent Conveyance Act. Simply because resolution of a claim is related to the settlement of an estate is not enough to grant broad equity powers to a probate court which otherwise is not possessed of such power, particularly when the remedy sought is by statute to be exercised in the circuit court. Accordingly, the order of the circuit court affirming the probate court order is reversed.
Reversed. No costs, a question of public interest being involved.
NOTES
[*] Recorder's Court judge, sitting on the Court of Appeals by assignment.