YORK v ISABELLA BANK & TRUST

Docket No. 73023. Submitted July 10, 1985, at Grand Rapids.—Decided October 7, 1985.

Robert York died intestate in 1979. His intestate estate was probated in the Isabella Probate Court and closed on February 12, 1982. On September 9, 1982, Belva York, Robert's widow, filed suit against Isabella Bank & Trust, which had been the personal representative of the estate, and Harold O. Wallace, who had been appointed by the bank to act as a fiduciary, in Isabella Circuit Court, alleging breach of fiduciary duty, negligence, and intentional infliction of emotional distress. The court, Paul F. O'Connell, J., granted defendants' motion for accelerated judgment, finding that plaintiff's claims should have been raised in the probate court because the probate court had exclusive jurisdiction over the claims, that the circuit court was not an appropriate forum to collaterally attack such matters, and that plaintiff's remedy, if any, was to reopen the probate proceedings. Plaintiff appealed by leave granted. *Held:*

1. The probate court has exclusive jurisdiction over matters relating to the settlement of an estate of a deceased person. Plaintiff's allegations in support of her breach of a fiduciary duty and negligence claims all pertain to injuries which would run to the estate instead of to plaintiff personally. The probate court has exclusive jurisdiction over such claims, and accelerated judgment as to these claims was properly granted to defendants. Furthermore, the probate court considered all matters which might be pertinent to plaintiff's claims of breach of fiduciary duty and negligence and plaintiff has disavowed that she desires to reopen the estate. Therefore, there is no reason to reopen the estate.

2. Plaintiff's intentional infliction of emotional distress claim

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Executors and Administrators §§ 219, 260, 263.
  Liability of estate for tort of executor, administrator, or trustee. 82 ALR3d 892.
  Liability of executor or administrator, or his bond, for loss caused to estate by act or default of his agent or attorney. 28 ALR3d 1191.
[2] Am Jur 2d, Executors and Administrators §§ 22-24.

cannot be viewed as relating to the settlement of the estate. This claim could only be brought in the circuit court. The circuit court erred in granting accelerated judgment as to this claim.

Affirmed in part and reversed in part.

1. Actions — Decedents' Estates — Breach of Fiduciary Duty — Negligence — Probate Court.

A cause of action against a fiduciary for negligence in the handling of an estate or breach of other duties based on matters relating to the settlement of an estate must be asserted in probate court (MCL 700.21; 27.5021).

2. Actions — Intentional Infliction of Emotional Distress — Decedents' Estates — Courts.

A widow's claim of intentional infliction of emotional distress based on allegations that the personal representative of the estate of her deceased husband mishandled the estate, thereby causing her emotional distress, is not a matter directly relating to the settlement of the estate and the probate court therefore does not have jurisdiction over the claim; the circuit court is the only forum in which the claim could be brought, and the plaintiff must demonstrate that the defendant's behavior towards her during the administration of the estate amounted to such extreme and outrageous conduct that it intentionally or recklessly caused her severe emotional distress.

*Gerisch & Bourne, P.C.* (by *Mary E. Gerisch*), for plaintiff.

*J. Paul Janes,* for defendant.

Before: Wahls, P.J., and Allen and J. C. Ravitz,* JJ.

Allen, J. Plaintiff appeals by leave granted from an order of the Isabella County Circuit Court which granted accelerated judgment to defendants on the grounds that it lacked jurisdiction to entertain plaintiff's claims. We affirm in part and reverse in part.

---

* Recorder's court judge, sitting on the Court of Appeals by assignment.

Robert York, the husband of the plaintiff herein, died on June 14, 1979. His intestate estate was probated in the Isabella County Probate Court and closed on February 12, 1982. On September 9, 1982, plaintiff filed a complaint in Isabella County Circuit Court against Isabella Bank & Trust, the personal representative of the estate, and Harold O. Wallace, who had been appointed by the bank to act as a fiduciary. The complaint set forth three causes of action: (1) breach of fiduciary duty, based on allegations that defendants did not respond to complaints regarding administration of the estate and the opening of a safety deposit box, that other heirs were consulted regarding the value of estate property while plaintiff was excluded from such discussions, and that certain real estate was improperly advertised; (2) negligence, based on allegations that optimal prices were not secured for certain assets and that certain assets which rightfully should have been included in the estate were not recovered; and (3) intentional infliction of emotional distress, based on allegations that the mishandling of the estate by defendants caused plaintiff emotional distress and that defendants failed to reimburse plaintiff after instructing her to pay certain bills with assurances that she would be reimbursed.

In its opinion of February 11, 1983, the circuit court granted defendants' motion for accelerated judgment. It found that these matters should have been raised in the probate court, which it believed had exclusive jurisdiction. Further, it held that the circuit court was not an appropriate forum to collaterally attack such matters and that plaintiff's remedy, if any, was to reopen the probate proceedings. The opinion specifically referred only to the negligence and breach of fiduciary duty claims. However, at the hearing on plaintiff's mo-

tion for reconsideration, the circuit court clarified that its opinion was intended to dispose of the intentional infliction of emotional distress claim as well. On appeal, we are asked to decide whether the probate court had exclusive jurisdiction to hear and determine any or all of plaintiff's causes of action.

MCL 600.605; MSA 27A.605 vests the circuit courts with original jurisdiction over all civil claims and remedies "except where exclusive jurisdiction is given in the constitution or by statute to some other court * * *". MCL 700.21; MSA 27.5021, a provision of the Revised Probate Code, delineates matters exclusively within the probate court's jurisdiction and provides in pertinent part:

"The court has exclusive jurisdiction of all of the following:
"(a) *Matters relating to the settlement of the estate of a deceased person,* whether testate or intestate, who was at the time of death domiciled in the county or was at the time of death domiciled without the state leaving an estate within the county to be administered." (Emphasis added.)

These two provisions indicate that if any of the plaintiff's causes of action involve "matters relating to the settlement of the estate" accelerated judgment was properly granted, as the circuit court would be divested of jurisdiction by the exclusive grant to the probate court.

Plaintiff's first cause of action alleges that defendants owed her a fiduciary duty and that the duty was breached. However, the factual allegations in support of this claim all pertain to injuries which would run to the estate. In other words, poor estate administration, a failure to investigate and/ or recover missing assets, and undervaluation or improper advertising of estate property constitute

injuries which directly affect the estate and are integral to the settlement of the estate. Accordingly, we believe that the probate court had exclusive jurisdiction and that accelerated judgment was properly granted with respect to the breach of fiduciary duty claim.

Similarly, we believe that the negligence cause of action was within the exclusive jurisdiction of the probate court. The sale and recovery of estate assets are clearly matters which relate to the settlement of the estate. Thus, accelerated judgment on this cause of action was also properly granted.[1]

The circuit court indicated that plaintiff's remedy, if any, was to petition for a reopening of the probate estate. Such a procedure is governed by MCL 700.593(2); MSA 27.5593(2), which provides:

"Upon filing a petition after the closing of an estate, the court may cause the estate to be reopened for the purpose of administering after-discovered assets or any other assets belonging to the estate or to complete the administration of the estate in case the estate was closed without being fully administered by the fiduciary or court, or for the correction of typographical errors, omissions, or misdescription of property contained in any order or record in the estate, and for any of these purposes may appoint successor fiduciary. The failure of a claimant to file a claim against the estate during the original administration thereof shall not be a cause for reopening the estate or for the appointment of a successor fiduciary."

At oral argument on defendants' motion for accelerated judgment, plaintiff conceded that the

---

[1] We acknowledge that MCL 700.544; MSA 27.5544 expressly provides that an interested party has a direct cause of action against a fiduciary for negligence in the handling of an estate or breach of other duties. However, consistent with MCL 700.21; MSA 27.5021, we believe that such a cause of action must be asserted in probate court where it is based on matters relating to the settlement of an estate.

matters set forth in her complaint had been presented to the probate court for consideration before the estate was closed. Further, plaintiff did not identify any after-discovered assets and, in any event, emphasized that she was not seeking to disturb the final administration of the estate. Since the probate court had already considered all matters which might be pertinent to plaintiff's claims and she has disavowed reopening the estate as a desired remedy, we do not believe that there is anything to be gained by pursuing this course of action.

Plaintiff's intentional infliction of emotional distress claim poses a distinct problem. Unlike the negligence and breach of fiduciary duty claims, the injury from such a claim would run directly to plaintiff and not to the estate. Moreover, this claim is not a "matter directly relating to the settlement of the estate". In order to prevail on this claim, plaintiff need not prove, for example, that the estate was deprived of assets or that estate assets were undersold. Rather, she must demonstrate that the defendants' behavior towards her during the administration of the estate amounted to such extreme and outrageous conduct that it intentionally or recklessly caused her severe emotional distress. See *Holmes v Allstate Ins Co,* 119 Mich App 710; 326 NW2d 616 (1982). In order to settle the estate, it would not be necessary for the probate court to dispose of this claim and thus it cannot be viewed as "relating to the settlement of the estate". Accordingly, accelerated judgment with respect to this cause of action was improperly granted.

We note that the probate court would not have had jurisdiction to hear plaintiff's claim for intentional infliction of emotional distress. The probate

courts have no jurisdiction over claims unless expressly conferred by statute. *In re Kus Estate,* 136 Mich App 343; 356 NW2d 23 (1984) (probate court has no jurisdiction over a breach of contract claim brought by an estate where it does not relate to the settlement of the estate and does not come within the provision granting the court concurrent jurisdiction); *In re Mezo Estate,* 144 Mich App 283; 375 NW2d 416 (1985) (probate courts have no equity jurisdiction as it is not expressly conferred by statute); Const 1963, art 6, § 15. Concurrent jurisdiction of probate courts is governed by MCL 700.22; MSA 27.5022. Nothing in this statute gives the probate courts jurisdiction over tort claims brought by a beneficiary of an estate against a fiduciary where it has no relationship to the settlement of the estate. Thus, it appears that the circuit court was the only forum in which plaintiff could bring her claim for intentional infliction of emotional distress.

Plaintiff also complains about the entry of the order of accelerated judgment, contending that she was given insufficient time to pose objections due to certain alleged irregularities in the provision of notice. She contends that the order did not correspond with the court's disposition of the accelerated judgment motion at the hearing, maintaining that the judge did not grant accelerated judgment on the intentional infliction of emotional distress claim. Since the circuit court judge indicated that the order comported with his disposition of plaintiff's claims at plaintiff's motion for reconsideration, there is no reason to invalidate the order for failure to adhere to specific procedural rules. *Saba v Gray,* 111 Mich App 304; 314 NW2d 597 (1981).

Affirmed in part and reversed in part. No costs, neither party having prevailed in full.