McFARLANE v McFARLANE

Docket No. 188848. Submitted December 10, 1996, at Grand Rapids. Decided April 18, 1997, at 9:35 A.M. Leave to appeal sought.

    Sue A. McFarlane brought an action against John G. McFarlane in the Ottawa Circuit Court, seeking to recover pursuant to the Interstate Income Withholding Act (IIWA), MCL 552.671 *et seq.*; MSA 25.227(1) *et seq.*, unpaid child support that was ordered by the Iowa court that granted the parties a divorce approximately twenty years earlier. The Ottawa Circuit Court, Calvin L. Bosman, J., ruled that MCL 600.5809(3); MSA 27A.5809(3), the applicable ten-year statute of limitations, barred most of the claim. With respect to those amounts the court ruled were not barred by the statute of limitations, the court entered a judgment for the plaintiff and ordered withholding from the defendant's income to satisfy the judgment. The plaintiff appealed, claiming that the statute of limitations was tolled pursuant to MCL 600.5853; MSA 27A.5853 until the defendant moved to Michigan and that, because her action was filed less than ten years after the defendant's move, all of the unpaid child support could be recovered under the IIWA.

    The Court of Appeals *held*:

    MCL 600.5853; MSA 27A.5853 provides that if a person is outside Michigan at the time any claim accrues against the person, the period of limitation shall begin to run only when the person enters Michigan unless a means of service of process sufficient to vest the jurisdiction of a Michigan court over the person was available to the plaintiff. In this case, in the absence of an allegation that the plaintiff had a means of service of process by which a Michigan court could have obtained personal jurisdiction over the defendant before he moved to Michigan, the statute of limitations did not run while the defendant was outside Michigan. The statute of limitations, as tolled by MCL 600.5853; MSA 27A.5853, does not bar any of the plaintiff's claim for unpaid child support.

    Reversed and remanded for further proceedings.

LIMITATION OF ACTIONS — CHILD SUPPORT — INTERSTATE INCOME WITHHOLDING ACT.

    An action under the Interstate Income Withholding Act to recover unpaid child support is subject to a ten-year statute of limitations

that, with respect to a claim that accrues when the defendant is outside Michigan and the plaintiff has no means of service of process sufficient to vest the jurisdiction of a Michigan court over the defendant, is tolled until the defendant enters Michigan (MCL 552.671 *et seq.*, 600.5809[3], 600.5853; MSA 25.227[1] *et seq.*, 27A.5809[3], 27A.5853).

*Walter L. Harrison*, for the plaintiff.

*Roper Bauer, P.C.* (by *George E. Bauer*), for the defendant.

Before: HOOD, P.J., and NEFF and M. A. CHRZANOWSKI*, JJ.

NEFF, J. Plaintiff Sue Ann McFarlane appeals a circuit court order holding that most of her claim against defendant John G. McFarlane for unpaid child support was barred by the ten-year statute of limitations contained in MCL 600.5809(3); MSA 27A.5809(3). We reverse and remand for further proceedings.

I

The parties were divorced in 1974 in Emmet County, Iowa. Approximately twenty years later, plaintiff brought an action pursuant to the Interstate Income Withholding Act (IIWA), MCL 552.671 *et seq.*; MSA 25.227(1) *et seq.*, to recover from defendant over $26,000 in unpaid child support. The circuit court held that most of plaintiff's claim was barred by the ten-year statute of limitations contained in MCL 600.5809(3); MSA 27A.5809(3). Accordingly, the court entered judgment in the amount of $6,440, representing those child support payments that became due less than ten years before plaintiff's complaint was filed. The court further ordered that, pursuant to the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

IIWA, defendant be subject to income withholding in the amount of $75 a week until the judgment is satisfied.

II

Plaintiff argues that the circuit court erred in determining that most of her claim for unpaid child support was time-barred because, under MCL 600.5853; MSA 27A.5853, the statute of limitations was tolled until defendant moved to Michigan in 1984. For the reasons that follow, we agree.

A

Although various remedies were available to plaintiff to enforce the child support order, she chose to proceed under the IIWA.[1] This act is to be construed liberally to effect its purpose, which is to facilitate the enforcement of support orders of other jurisdictions through the withholding of income earned in Michigan. MCL 552.672; MSA 25.227(2).

Among the limited defenses available to defendant under the IIWA is that the statute of limitations pre-

---

[1] For example, plaintiff could have petitioned the Iowa court that issued the support order and retained jurisdiction over the matter, or proceeded under the Revised Uniform Reciprocal Enforcement of Support Act (RURESA), MCL 780.151 *et seq.*; MSA 25.225(1) *et seq.*

Although plaintiff was never without a forum for enforcing the support order, our Legislature has clearly expressed its desire to provide custodial parents with various remedies to collect unpaid child support:

> The remedy provided in [the IIWA] is in addition to, and not in substitution for, any other remedy otherwise available to enforce a support order of another jurisdiction. Relief under this act shall not be denied, delayed, or otherwise affected because of the availability of other remedies, nor shall relief under any other statute be delayed or denied because of the availability of this remedy. [MCL 552.674; MSA 25.227(4).]

cludes enforcement of all or part of the arrearage.[2] MCL 552.678(2); MSA 25.227(8)(2). Under the act, "the statute of limitations of this state for maintaining an action on support arrearages shall apply." MCL 552.683; MSA 25.227(13). This period of limitation is ten years. MCL 600.5809(3); MSA 27A.5809(3); *Ewing v Bolden*, 194 Mich App 95, 99; 486 NW2d 96 (1992).

The period of limitation begins to run against each child support payment when it becomes due. *Ewing, supra* at 99. Therefore, absent any tolling of the statute of limitations, plaintiff's recovery would be limited to those installments accruing within the ten years preceding the filing of her action in 1994.

B

The tolling provision at issue here, MCL 600.5853; MSA 27A.5853, provides as follows:

> If any person is outside of this state at the time any claim accrues against him the period of limitation shall only begin to run when he enters this state unless a means of service of process sufficient to vest the jurisdiction *of a Michigan court* over him was available to the plaintiff. If after any claim accrues the person against whom the claim accrued is absent from this state, any and all periods of absence in excess of 2 months at a time shall not be counted as any

---

[2] An obligor under the IWA may raise only the following defenses:

(a) That withholding is not proper because of a mistake of fact concerning the amount of current or overdue support or the identity of the obligor.

(b) That the court or agency which issued the support order entered under this act lacked personal jurisdiction over the obligor.

(c) That the support order entered under this act was obtained by fraud.

(d) That the statute of limitations under section 13(3) precludes enforcement of all or part of the arrearages. [MCL 552.678(2); MSA 25.227(8)(2).]

> part of the time limited for the commencement of the action unless while he was outside of this state a means for service of process sufficient to vest the jurisdiction of a Michigan court over him was available to the plaintiff. [Emphasis added.]

Our Legislature is presumed to have intended the meaning it plainly expressed. *In re Lee Estate*, 193 Mich App 586, 589; 484 NW2d 411 (1992). Thus, if the language used by the Legislature is clear and unambiguous, no further judicial interpretation of the statute is permitted. *Tryc v Michigan Veterans' Facility*, 451 Mich 129, 135; 545 NW2d 642 (1996).

In the present case, there is no allegation that there was any means of service of process for a Michigan court to obtain personal jurisdiction over defendant before he moved to this state in 1984. Under the plain meaning of MCL 600.5853; MSA 27A.5853, therefore, the statute of limitations did not run while defendant was outside this state. Consequently, plaintiff's claim under the IIWA, filed within ten years after defendant moved to Michigan and subjected himself to the circuit court's jurisdiction, is not barred by the applicable statute of limitations. The circuit court erred in entering judgment to the contrary.

Reversed and remanded for further proceedings. We do not retain jurisdiction. Plaintiff, being the prevailing party, may tax costs pursuant to MCR 7.219.