MANNING v AMERMAN

Docket No. 198817. Submitted January 13, 1998, at Detroit. Decided May 12, 1998, at 9:10 A.M.

Barbara Barnes Manning, Jay D. Manning, and the other beneficiaries of a trust created by James T. Barnes, Sr., filed an action in the Wayne Circuit Court against John E. Amerman and his law firm, Honigman Miller Schwartz and Cohn, and James T. Barnes, Jr., alleging that Barnes, Jr., the trustee of the trust, aided by his attorney, Amerman, breached his fiduciary duty as trustee, used the trust assets for his own purposes, and eviscerated the trust of its value, causing the plaintiffs to suffer financial and emotional damages. The complaint specifically alleged tortious interference with a prospective advantage/expectancy, tortious interference with a trust/contractual relationship, intentional infliction of emotional distress, negligent infliction of emotional distress, legal malpractice, breach of contract, and unjust enrichment. The court, Pamela R. Harwood, J., granted the defendants' motion for summary disposition and dismissed the complaint, finding that the claims were within the exclusive jurisdiction of the probate court. The plaintiffs appealed, alleging the court erred in finding that the probate court had exclusive jurisdiction over the emotional distress and malpractice claims merely because the cause of action arose out of the administration of a trust.

The Court of Appeals *held*:

Subsection 21(b)(v) of the Revised Probate Code, MCL 700.21(b)(v); MSA 27.5021(b)(v), provides that the probate court has exclusive jurisdiction over proceedings concerning the administration of trusts, including the determination of any question arising in the administration or distribution of any trust. The emotional distress and malpractice claims arose in the administration of a trust and, pursuant to § 21, are within the exclusive jurisdiction of the probate court.

Affirmed.

COURTS — JURISDICTION — PROBATE COURTS — CIRCUIT COURTS.

The circuit courts are courts of general jurisdiction, vested with original jurisdiction over all civil claims and remedies except where exclusive jurisdiction is given in the constitution or by statute to

some other court; the probate court is a court of limited jurisdiction, deriving all of its power from statutes; the Revised Probate Code provides that the probate court has exclusive jurisdiction over proceedings concerning the administration of trusts, including the determination of any question arising in the administration or distribution of any trust; emotional distress and legal malpractice claims that arise in the administration of a trust are within the probate court's exclusive jurisdiction (MCL 600.605, 700.21; MSA 27A.605, 27.5021).

*Charfoos & Christensen, P.C.* (by *David R. Parker* and *L. S. Charfoos*), for the plaintiffs.

*Barris, Sott, Denn & Driker, PLLC* (by *Eugene Driker* and *Dennis M. Barnes*), for John E. Amerman and Honigman Miller Schwartz and Cohn.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Thomas G. McNeill* and *Linda S. McAlpine*), for James T. Barnes, Jr.

Before: GAGE, P.J., and REILLY and JANSEN, JJ.

PER CURIAM. Plaintiffs appeal as of right from a circuit court order dismissing their claims against all defendants pursuant to defendants' motion for summary disposition alleging a lack of subject-matter jurisdiction. We affirm.

Plaintiffs are the beneficiaries of a trust created by James Thomas Barnes, Sr. Plaintiffs filed this action in the Wayne Circuit Court against James Thomas Barnes, Jr., who was the trustee of the trust, and his attorney, John E. Amerman of the law firm Honigman Miller Schwartz and Cohn.[1] The factual allegations forming the basis of plaintiffs' second amended complaint (complaint) were that Barnes, Jr., aided by

---

[1] At the same time, plaintiffs also filed a similar complaint against the same defendants in the Wayne County Probate Court.

Amerman, breached his fiduciary duty as trustee, used the trust assets for his own purposes, and eviscerated the trust of its value, all of which caused plaintiffs to suffer financial and emotional damages. Specifically, plaintiffs' complaint alleged tortious interference with a prospective advantage/expectancy, tortious interference with a trust/contractual relationship, intentional infliction of emotional distress, negligent infliction of emotional distress, legal malpractice, breach of contract, and unjust enrichment. The circuit court found that plaintiffs' claims were within the exclusive jurisdiction of the probate court and dismissed the complaint pursuant to MCR 2.116(C)(4).

On appeal, plaintiffs argue that the circuit court erred in determining that the probate court had exclusive jurisdiction over plaintiffs' emotional distress and malpractice claims merely because the cause of action arose out of the administration of a trust. We disagree. This Court reviews de novo a trial court's grant or denial of summary disposition. *Sargent v Browning-Ferris Industries*, 167 Mich App 29, 33; 421 NW2d 563 (1988). When reviewing a motion for summary disposition under MCR 2.116(C)(4) alleging a lack of subject-matter jurisdiction, we must determine whether the pleadings demonstrate that the defendant was entitled to judgment as a matter of law, or whether the affidavits and other proofs show that there was no genuine issue of material fact. *Id.*

Circuit courts are courts of general jurisdiction, vested with original jurisdiction over all civil claims and remedies "except where exclusive jurisdiction is given in the constitution or by statute to some other court . . . ." MCL 600.605; MSA 27A.605; *Bowie v*

*Arder,* 441 Mich 23, 50; 490 NW2d 568 (1992). The probate court, on the other hand, is a court of limited jurisdiction, deriving all of its power from statutes. *D'Allessandro v Ely,* 173 Mich App 788, 794; 434 NW2d 662 (1988). The jurisdiction of the probate court is set forth in § 21 of the Revised Probate Code (RPC), MCL 700.1 *et seq.*; MSA 27.5001 *et seq.*, which provides:

> The court has *exclusive legal and equitable jurisdiction* of all of the following:
>
> (a) Matters relating to the settlement of the estate of a deceased person, whether testate or intestate, who was at the time of death domiciled in the county or was at the time of death domiciled out of state leaving an estate within the county to be administered, including, but not limited to, the following proceedings:
>
> (i) The internal affairs of the estate.
>
> (ii) Estate administration, settlement, and distribution.
>
> (iii) Declaration of rights involving estates, devisees, heirs, and fiduciaries.
>
> (iv) The construction of a will.
>
> (v) The determination of heirs.
>
> (b) Proceedings concerning the validity, internal affairs, and settlement of trusts, *the administration,* distribution, modification, reformation, and termination of trusts, and the declaration of rights involving trusts, trustees, and beneficiaries of trusts, including, but not limited to, the following proceedings to:
>
> (i) Appoint or remove a trustee.
>
> (ii) Review the fees of a trustee.
>
> (iii) Require, hear, and settle interim or final accounts.
>
> (iv) Ascertain beneficiaries.
>
> (v) *Determine any question arising in the administration or distribution of any trust,* including questions of construction of wills and trusts; instruct trustees, and determine relative thereto the existence or nonexistence of an immunity, power, privilege, duty, or right.

(vi) Release registration of a trust.

(vii) Determine an action or proceeding involving settlement of an inter vivos trust as provided in Act No. 185 of the Public Acts of 1966, being sections 555.81 to 555.84 of the Michigan Compiled Laws.

(c) Proceedings concerning guardianships, conservatorships, and protective proceedings.

(d) Proceedings to review and settle the accounts of a fiduciary as defined in section 5, and to order, upon request of an interested person, instructions or directions to a fiduciary, concerning an estate within the court's jurisdiction. [MCL 700.21; MSA 27.5021 (emphasis added).]

Therefore, defendants were entitled to summary disposition in the circuit court if plaintiffs' claims came within the purview of this statute.

The primary goal of judicial interpretation of statutes is to ascertain the intent of the Legislature. *Farrington v Total Petroleum, Inc*, 442 Mich 201, 212; 501 NW2d 76 (1993). The first criterion in determining intent is the specific language of the statute. *House Speaker v State Administrative Bd*, 441 Mich 547, 567; 495 NW2d 539 (1993). Our Legislature is presumed to have intended the meaning it plainly expressed. *McFarlane v McFarlane*, 223 Mich App 119, 123; 566 NW2d 297 (1997). Subsection b(v) of § 21 of the RPC plainly provides that the probate court has exclusive jurisdiction over proceedings concerning the administration of trusts, including the determination of "any question arising in the administration or distribution of any trust . . . ." Because this language is straightforward and unambiguous, we will apply it as written without resort to the subordinate principles of statutory construction. See *McFarlane, supra* at 123.

In determining jurisdiction, this Court will look beyond a plaintiff's choice of labels to the true nature of the plaintiff's claim. See *Silverman v Univ of Michigan Bd of Regents*, 445 Mich 209, 216, n 7; 516 NW2d 54 (1994); *In re Mahoney Trust*, 153 Mich App 670, 678; 396 NW2d 494 (1986). In this case, count III of plaintiffs' complaint alleged that plaintiffs suffered emotional distress damages because of defendants' wilful breaches of duty in the administration of the trust. Similarly, count IV of the complaint alleged that plaintiffs suffered emotional distress damages because of defendants' negligent acts and omissions with respect to the same conduct.[2] Finally, count V of the complaint alleged that defendant Amerman engaged in legal malpractice. Plaintiffs claimed that Amerman owed fiduciary duties to them on the basis of a statement he allegedly made to the probate court in which he purported to represent them with respect to the trust at issue. Plaintiffs further alleged that Amerman breached these duties when he failed to disclose to plaintiffs the detrimental actions taken by defendant Barnes, Jr., with respect to the administration of the trust. Accordingly, it is clear from the face of the complaint that plaintiffs' emotional distress and malpractice claims arose in the administration of a trust. Therefore, solely on the basis of the plain language of § 21 of the RPC, we conclude that these

---

[2] Defendants' conduct forming the basis of plaintiffs' claims of emotional distress referred to in counts III and IV was factually alleged in counts I and II of the complaint. These counts were labeled, respectively, "Tortious Interference With a Prospective Advantage/Expectancy" and "Tortious Interference With a Trust/Contractual Relationship," and alleged, essentially, that defendants breached their duties with respect to the administration of the trust.

claims are within the exclusive jurisdiction of the probate court. See MCL 700.21(b); MSA 27.5021(b).

Plaintiffs' reliance on *York v Isabella Bank & Trust,* 146 Mich App 1; 379 NW2d 448 (1985), is misplaced. In *York,* a panel of this Court held that subject-matter jurisdiction over a plaintiff's claim of intentional infliction of emotional distress was properly within the circuit court rather than the probate court. *Id.* at 6. The plaintiff alleged in her complaint that she suffered emotional distress as a result of the defendant's mishandling of her deceased husband's estate. *Id.* at 3. The defendant was the personal representative of the estate. *Id.* The *York* panel reasoned that, because the plaintiff alleged injuries running directly to herself as opposed to the estate, and resolution of the intentional infliction of emotional distress claim would not be necessary to settle the estate, her claim could not be viewed as one " 'relating to the settlement of the estate.' " *Id.* at 6, quoting former MCL 700.21(a); MSA 27.5021(a);[3] see also *In re Kus Estate,* 136 Mich App

---

[3] In 1989, § 21 of the RPC was amended by 1989 PA 69. The former version of the statute provided:

The court has exclusive jurisdiction of all of the following:

(a) Matters relating to the settlement of the estate of a deceased person, whether testate or intestate, who was at the time of death domiciled in the county or was at the time of death domiciled without the state leaving an estate within the county to be administered.

(b) Trusts and trustees in the execution of wills and administration of estates of deceased persons.

(c) Proceedings concerning the internal affairs of trusts including proceedings concerning the administration and distribution of trusts and the declaration of rights or the determination of other matters involving trustees and beneficiaries of trusts, including proceedings to:

(i) Appoint or remove a trustee.

(ii) Review the fees of a trustee.

343, 347; 356 NW2d 23 (1984). However, the reasoning of *York* is inapplicable here, because the issue in this case is not whether plaintiffs' claim relates to the settlement of the estate under former MCL 700.21(a); MSA 27.5021(a),[4] but whether it concerned the administration of a trust under the current version of MCL 700.21(b); MSA 27.5021(b).

For the reasons stated, we conclude that plaintiffs' legal malpractice and intentional infliction of emotional distress claims were within the exclusive jurisdiction of the probate court and, therefore, hold that the trial court properly granted summary disposition of the claims pursuant to MCR 2.116(C)(4).

Affirmed.

---

(iii) Review and settle interim or final accounts.

(iv) Ascertain beneficiaries.

(v) Determine any question arising in the administration or distribution of any trust, including questions of construction of wills and trusts; instruct trustees, and determine relative thereto the existence or nonexistence of an immunity, power, privilege, duty, or right.

(vi) Release registration of a trust.

(d) Appointment of a guardian, limited guardian, or conservator in cases prescribed by law, resolution of any contested matter in respect to the estate or ward, and settlement of the estate.

Proponents of the 1989 amendment argued that it would "consolidate authority over wills, trusts, and estates, and more clearly establish the probate court as the entity responsible for such matters, thus simplifying the process." House Legislative Analysis, HB 4462, April 12, 1989.

[4] Because *York* was issued before the 1989 amendment of § 21, its value as persuasive authority in this case is dubious. Cf. *Harry Becker & Co v Wabash R Co*, 335 Mich 159, 164; 55 NW2d 776 (1952) ("We have no difficulty in holding that a case decided prior to the enactment of the amendment is not any authority for the interpretation of the amendment.").