# STATE OF MICHIGAN

# COURT OF APPEALS

RICHARD D. SHEAR,

Plaintiff-Appellant,

v

JERRY F. SHEAR,

Defendant-Appellee.

UNPUBLISHED
February 24, 2015

No. 318996
Ottawa Circuit Court
LC No. 13-003436-CZ

Before: SERVITTO, P.J., and STEPHENS and M. J. KELLY, JJ.

PER CURIAM.

Plaintiff Richard D. Shear appeals as of right the trial court's order granting defendant Jerry F. Shear's motion to transfer the case to the probate court. We affirm.

Plaintiff and defendant are brothers; defendant is the trustee of a trust established by their mother. On July 18, 2002, plaintiff and defendant, in his capacity as trustee, executed a promissory note. The promissory note stated that money given to plaintiff between June 2001 and July 2002 was a loan to plaintiff from the trust, and that repayment was not expected until the date of the distribution of the funds from the trust. The parties' mother died on November 5, 2012. When plaintiff inquired about his expected inheritance via a distribution from the trust, he was informed that he was not to receive any such distribution, presumably because of the outstanding loan. Plaintiff filed the present action in the circuit court alleging that defendant "violated his trustee and fiduciary duties and responsibilities in favor of his own self-interest, by his theft of Plaintiff-Beneficiary's Trust Fund monies." In his prayer for relief, plaintiff sought the formation of a constructive trust, the appointment of a new trustee, and that his son be named beneficiary of the new trust. Defendant moved to have the action transferred to the probate court, and the circuit court granted this motion. The only issue on appeal is whether the circuit court properly found that the probate court had jurisdiction over the claims in plaintiff's complaint.

The existence of subject-matter jurisdiction is a question of law that is reviewed de novo. *Midwest Energy Cooperative v Mich Public Serv Comm*, 268 Mich App 521, 523; 708 NW2d 147 (2005). Generally, "[c]ircuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court." MCL 600.605. "The probate court, on the other hand, is a court of limited jurisdiction, deriving all of its power from statutes." *Manning v Amerman*, 229 Mich App 608,

-1-

611; 582 NW2d 539 (1998). The Estates and Protected Individuals Code, MCL 700.1101 *et seq.*, governs the circumstances in which a probate court has jurisdiction, and MCL 700.1302 addresses the exclusive jurisdiction of the probate court. Pursuant to this statute, the probate court has "exclusive legal and equitable jurisdiction" over "[a] proceeding that concerns the validity, internal affairs, or settlement of a trust; the administration, distribution, modification, reformation, or termination of a trust; or the declaration of rights that involve a trust, trustee, or trust beneficiary." MCL 700.1302(b).

In the present case, all of the claims in plaintiff's complaint relate to the administration and distribution of a trust. Specifically, plaintiff's interest in this case is based entirely on his role as a beneficiary of his mother's trust and that defendant converted assets that rightfully should have been distributed to him via that trust. MCL 700.1302(b)(*vi*) grants the probate court jurisdiction in proceedings that involve the power, privilege, duty or right of a trustee's actions. The complaint states that it "is brought against Defendant Jerry F. Shear, who as the Trustee-Executor of [his mother]'s estate, violated his trustee and fiduciary duties and responsibilities in favor of his own self-interest, by his theft of Plaintiff-Beneficiary's Trust Fund monies." The complaint alleges that plaintiff "was to receive a share of [his mother's] estate via a Trust Fund, as per express declaration of Settlor's will," and that defendant "completely purloin[ed] the trust res of plaintiff's trust fund by offsetting the trust against the worthless note, knowing there had been no consideration given in exchange for the note, and contrary to the express intent of [his mother]'s Will declaring a testamentary trust for the benefit of plaintiff-beneficiary." Moreover, all of the relief requested by plaintiff relates to the administration and distribution of the trust. Although plaintiff attempts on appeal to couch his claims in terms of embezzlement, "this Court will look beyond a plaintiff's choice of labels to the true nature of the plaintiff's claim." *Manning*, 229 Mich App at 613.

Plaintiff's argument that the probate court does not have exclusive jurisdiction over this case because the case does not involve a determination of any issues with regard to the settlement of the trust is not supported by the plain language of MCL 700.1302(b). In addition, plaintiff's reliance on *People v Couzens*, 480 Mich 240; 747 NW2d 849 (2008), is misplaced because there are no criminal charges pending based on the allegations in the complaint.

Because all of the claims in plaintiff's complaint relate to the administration and distribution of his mother's trust, we find that the probate court has exclusive jurisdiction over the action pursuant to MCL 700.1302(b), and the circuit court properly dismissed plaintiff's complaint and transferred the case to the probate court.

Affirmed.

/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens
/s/ Michael J. Kelly

-2-