# STATE OF MICHIGAN

# COURT OF APPEALS

MARK L. RUGIERO,

Plaintiff-Appellee,

UNPUBLISHED
August 30, 2016

v

No. 325254, 325257
Wayne Circuit Court
LC No. 12-011723-CZ

GEORGE R. LUBIENSKI, and
CHRISTOPHER B. KROLL

Defendants,

and

PAUL M. LUBIENSKI

Defendant-Appellant.

Before: RONAYNE KRAUSE, P.J., and SAWYER and STEPHENS, JJ.

RONAYNE KRAUSE, P.J. *(dissenting)*

I respectfully dissent. I would find the central problem in this matter to be serious vagueness in plaintiff's complaint. Very generally, plaintiff alleges that defendants exercised undue influence over the decedent, LeRoy Pecar, and thereby caused plaintiff to be disinherited under the last revision to the decedent's trust, but he did not clearly articulate precisely what cause of action he sought to advance. Both parties contend that the trial court improperly transferred the case to the Wayne County Probate Court under MCR 2.227 for lack of subject matter jurisdiction. It appears to me that the trial court's decision, and the majority's affirmance, are based on guesswork. Parties may stipulate to facts, and I believe that the parties have at least nominally done so here, sufficient to narrow down what cause of action plaintiff could possibly be pursuing. I would vacate the trial court's decision and remand for the parties and the trial court to properly establish plaintiff's cause of action, after which the trial court may reexamine the jurisdictional issue.

The Pecar Family Trust was executed on November 6, 2007. The decedent, grantor of the Pecar Family Trust, died testate on November 19, 2011. Attorney Christopher Kroll drafted

-1-

decedent's Last Will and Testament and the Pecar Family Trust.[1]  Attorneys George R. Lubienski (George) and Paul M. Lubienski (defendant), who are also father and son, were named as successor trustees.  The Trust was amended four times before the decedent's death; in relevant part, one of those amendments changed the distribution of Trust assets to give one-third each to George, defendant, and plaintiff.  Decedent executed the fourth and last amendment on February 23, 2010, which disinherited plaintiff and left all residuary property to George and defendant.

Plaintiff learned that he was disinherited by decedent on January 10, 2012, after visiting the office of George and defendant.  After being denied a petition for decedent's estate to be probated and for the appointment of a personal representative in probate court, plaintiff filed his complaint in this case alleging, in relevant part, undue influence.[2]  The trial court *sua sponte* noticed a hearing as to transferring the undue influence claim to probate court for lack of subject matter jurisdiction.  Both parties objected and argued that the circuit court had concurrent jurisdiction with the probate court under MCL 700.1303(1)(a), (g), and (h) to determine property rights, impose a constructive trust, and hear and decide a claim regarding the return of property from a fiduciary or trustee.  The court disagreed and held that plaintiff's undue influence claim fell within the exclusive jurisdiction of the probate court under MCL 700.1302(b)(iv) and (v).  It therefore transferred the undue influence claim to probate court without costs and subsequently denied reconsideration of that order.  Both parties contend that the trial court erred.

Subject matter jurisdiction is a matter that can be raised at any time, and indeed a court itself not only may, but must *sua sponte* question its own jurisdiction to hear a matter.  *Smith v Smith*, 218 Mich App 727, 729-730; 555 NW2d 271 (1996); *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 399; 651 NW2d 756 (2002).  Courts have subject matter jurisdiction over *kinds* of proceedings, and whether a specific case is of a kind that the court may hear depends on the substance, rather than the labels, of the allegations in the complaint.  *Joy v Two-Bit Corp*, 287 Mich 244, 253; 283 NW 45 (1938); *Neal v Oakwood Hospital Corp*, 226 Mich App 701, 707; 575 NW2d 68 (1997); *Manning v Amerman*, 229 Mich App 608, 613; 582 NW2d 539, 541 (1998).  We review de novo a court's assessment of its subject matter jurisdiction.  *Etefia v Credit Techs, Inc*, 245 Mich App 466, 472; 628 NW2d 577 (2001).

"The interpretation and application of the court rules, like the interpretation of statutes, is [also] a question of law that is reviewed de novo on appeal."  *Colista v Thomas*, 241 Mich App 529, 535; 616 NW2d 249 (2000).  Parties may stipulate to facts, but they cannot stipulate to law.  *In re Finlay Estate*, 430 Mich 590, 595-596; 424 NW2d 272 (1988).  Consequently, although the parties' unanimity as to a particular point of law may carry a great deal of weight, their agreement is not dispositive.

---

[1] The trial court granted summary disposition in Kroll's favor, and that order is not presently under appeal.

[2] Plaintiff also alleged "tortious interference with inheritance," a theory that the trial court concluded was not recognized in Michigan and dismissed.  That dismissal is likewise not at issue in this appeal.

Circuit courts are courts of general jurisdiction, they therefore have subject matter jurisdiction by default unless explicitly deprived thereof by law or unless another court is given exclusive jurisdiction by law. *Farmers Ins Exch v South Lyon Community Schools*, 237 Mich App 235, 241; 602 NW2d 588 (1999). In contrast, although probate courts are established by Michigan's constitution, their jurisdiction is entirely provided by statutes. Const 1963, art 6, § 15; *Manning*, 229 Mich App at 611. Exclusive jurisdiction over enumerated matters is given to the probate courts by MCL 700.1302, and enumerated concurrent jurisdiction is given to the probate courts by MCL 700.1303. The purpose of concurrent jurisdiction is to simplify estate proceedings "by consolidating the probate and other related actions or proceedings in the probate court." MCL 700.1303(3). "Where the exercise of a concurrent jurisdiction is recognized, whether it will be exercised or declined rests largely in the discretion of the court[.]" *Fid Mut Life Ins Co v Blain*, 144 Mich 218, 220; 107 NW 877 (1906) (quotation omitted).

The trial court concluded that the instant matter was within the exclusive jurisdiction of the probate court pursuant to MCL 700.1302(b)(iv) and (v), which provides:

> The [probate] court has exclusive legal and equitable jurisdiction of all of the following:
>
> * * *
>
> (b) A proceeding that concerns the validity, internal affairs, or settlement of a trust; the administration, distribution, modification, reformation, or termination of a trust; or the declaration of rights that involve a trust, trustee, or trust beneficiary, including, but not limited to, proceedings to do all of the following:
>
> * * *
>
> (iv) Ascertain beneficiaries.
>
> (v) Determine a question that arises in the administration or distribution of a trust, including a question of construction of a will or trust.

The parties, however, contend that the trial court erred.

As noted, I find that plaintiff's complaint is unfortunately vague. The complaint does clearly seek money damages on the grounds of undue influence, but it does not articulate plaintiff's theory of how legally to arrive at that recovery on the basis of the alleged impropriety. Plaintiff's brief on appeal similarly does not quite manage to articulate a theory of recovery, although it strongly implies that plaintiff seeks the equitable imposition of a constructive trust. If so, circuit courts are generally not deprived of their equitable jurisdiction over the imposition of a constructive trust. MCL 700.1303(1)(j); *Burgess v Jackson Circuit Judge*, 249 Mich 558, 564; 229 NW2d 481 (1930); see also *Thurn v McAra*, 374 Mich 22; 130 NW2d 887 (1964). Both parties contend that there is no dispute as to the Pecar Family Trust itself, and, again only by implication, seemingly argue that plaintiff's claim is against defendants *personally* for wrongs

allegedly committed against *plaintiff*.[3]  Whatever the merits of that claim might be, a personal matter of such a sort generally is outside the probate court's jurisdiction.  See *In re Winter's Estate*, 297 Mich 294, 300-301; 297 NW 497 (1941).

As noted, parties cannot stipulate to the law.  They can, however, stipulate to the facts.  Certainly, in the absence of anything more competently articulated in the complaint, I conclude that there is no reason why the parties cannot stipulate to the precise nature of plaintiff's claims.  It is for the courts to assess the legal implications of any such claims.  However unusual such an agreement might be, if the parties wish to make a "distinct, formal, solemn admission," *Ortega v Lenderink*, 382 Mich 218, 222-223; 169 NW2d 470 (1969), that plaintiff's claim against defendants is a personal claim against them for wrongs they committed against him personally and his recovery, if any, is on a theory of imposing a constructive trust due to their alleged undue influence; I find no reason why the courts should not be bound to treat that agreement as a fact.  If that is the case, then the trial court erred in concluding that it lacked subject matter jurisdiction.

The above is, however, necessarily theoretical.  I can only presume, based on "reading between the lines," that I have correctly determined the nature of the action.  However, I find no indication that the trial court did so.  Therefore, I would hold that the trial court's order must be vacated and the matter remanded for the parties to establish with certainty, precisely of what the nature of the cause of action actually consists.  The parties agree, however, that they are not seeking to establish who is a rightful beneficiary of the Pecar Family Trust, and based on their arguments, I can imagine few other possibilities.  Nevertheless, the trial court is the proper venue to make that determination.  After having done so, the trial court should then reconsider the jurisdictional question consistent with this opinion.  I would therefore need not reach the issue of whether the trial court should have imposed costs.

/s/ Amy Ronayne Krause

---

[3] I note that as an equitable remedy, a constructive trust can favor a person with an equitable claim to some property despite never having had a legal claim thereto.  See *Bruso v Pinquet*, 321 Mich 630, 639; 33 NW2d 100 (1948), quoting from 3 Pomeroy on Equity Jurisprudence 3d, § 1053.  Consequently, plaintiff need not necessarily establish that he was a beneficiary under the Pecar Family Trust.