*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHIGAN HEAD & SPINE INSTITUTE PC,

Plaintiff-Appellant,

v

AUTO-OWNERS INSURANCE COMPANY and
HOME-OWNERS INSURANCE COMPANY,

Defendants-Appellees.

FOR PUBLICATION
September 2, 2021
9:10 a.m.

No. 354765
Oakland Circuit Court
LC No. 2020-181621-NF

Before: RIORDAN, P.J., and M. J. KELLY and SHAPIRO, JJ.

M. J. KELLY, J.

Plaintiff, Michigan Head & Spine Institute PC, appeals by right the trial court order granting summary disposition to defendants Auto-Owners Insurance Company and Home-Owners Insurance Company. For the reasons stated in this opinion, we reverse and remand for further proceedings.

## I. BASIC FACTS

This appeal arises from Michigan Head & Spine's claim for no-fault insurance benefits from Auto-Owners and Home-Owners for healthcare services provided to 39 individuals between June 11, 2019 and May 8, 2020. Michigan Head & Spine alleged that although it submitted reasonable proof of the fact and amount of each loss, and although it repeatedly requested full payment of the outstanding charges, Auto-Owners and Home-Owners unreasonably withheld or delayed full payment. Relevant to the issue raised on appeal, Michigan Head & Spine alleged that jurisdiction lay with the circuit court because the amount in controversy exceeded $25,000. In support of that allegation, it submitted documentation showing that the unpaid balance was over $200,000.

Auto-Owner and Home-Owners moved for summary disposition under MCR 2.116(C)(8) and MCR 2.116(C)(10). They stressed that the individual patients named in the complaint were involved in separate motor-vehicle crashes that occurred on different dates and at different locations and that resulted in varying treatments. They contended that the only commonality between the patients was their purported treatment at Michigan Head & Spine. In addition, they

-1-

argued that the reason for non-payment or reduced payment on the claims listed in the complaint varied, noting that *some* of the reasons were that Michigan Head & Spine billed an unreasonable rate, that the treatment billed for was unrelated to the relevant motor-vehicle crashes, that there was insufficient information in the invoices submitted, and that there were attempted double billings for the same procedures. Finally, they noted that although each patient was insured by either Auto-Owners or Home-Owners, none were insured by both. Relevant to this appeal, Auto-Owners and Home-Owners argued that Michigan Head & Spine could not aggregate 39 "completely different claims" to meet the jurisdictional threshold of $25,000. The trial court agreed and dismissed all 39 claims for lack of subject-matter jurisdiction.

## II. SUBJECT-MATTER JURISDICTION

## A. STANDARD OF REVIEW

Michigan Head & Spine argues that the circuit court erred by granting summary disposition. We review de novo a trial court's decision on a motion for summary disposition. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). "Whether a trial court has subject-matter jurisdiction is a question of law that this Court reviews de novo." *Citizens for Common Sense in Gov't v Attorney General*, 243 Mich App 43, 49; 620 NW2d 546 (2000). Summary disposition under MCR 2.116(C)(4) is proper if the court lacks jurisdiction over the presented subject matter. *Packowski v United Food & Commercial Workers Local 951*, 289 Mich App 132, 138; 796 NW2d 94 (2010). In reviewing a motion under MCR 2.116(C)(4), we examine whether the pleadings, affidavits, depositions, admissions, and documents in the case show that the trial court lacked subject-matter jurisdiction. *Id*. at 139.[1]

## B. ANALYSIS

Circuit courts are courts of general jurisdiction that have original jurisdiction to hear and decide all civil claims and remedies "except where exclusive jurisdiction is given in the constitution or by statute to some other court . . . ." MCL 600.605; *Manning v Amerman*, 229 Mich App 608, 610-611; 582 NW2d 539 (1998). Under MCL 600.8301(1), "[t]he district court has exclusive jurisdiction in civil actions when the amount in controversy does not exceed $25,000.00." Although MCL 600.8301(1) is silent as to how the "amount in controversy" should be determined, our Supreme Court held that, absent bad faith in the pleadings, the amount in controversy is determined from the prayer for relief in the plaintiff's pleadings. *Hodge v State Farm Mut Auto Ins Co*, 499 Mich 211, 223-224; 884 NW2d 238 (2016). In its complaint, Michigan Head & Spine alleged that the amount in controversy exceeded $25,000, and there is no evidence

---

[1] Although the motion for summary disposition was brought under MCR 2.116(C)(8) and (C)(10), defendants argued that the circuit court lacked subject-matter jurisdiction and the circuit court agreed. "[W]here a party brings a summary-disposition motion under the wrong subrule, the trial court may proceed under the appropriate rule so long as neither party is misled." *Blair v Checker Cab Co*, 219 Mich App 667, 670-671; 558 NW2d 439 (1996). Therefore, we consider this motion under MCR 2.116(C)(4), which requires the trial court to grant summary disposition if it lacks subject-matter jurisdiction.

indicating that the pleading was done in bad faith. Therefore, under *Hodge*, the jurisdictional threshold for an action before the circuit court is satisfied.

The circuit court, however, held that under *Boyd v Nelson Credit Ctrs*, 132 Mich App 774; 348 NW2d 25 (1984), Michigan Head & Spine could not aggregate multiple claims of multiple patients to meet the circuit court's jurisdictional threshold. In doing so, the circuit court misapplied the holding from *Boyd*. In *Boyd*, this Court held that the separate claims of individual plaintiffs may not be aggregated for the purposes of determining jurisdiction. *Boyd*, 132 Mich App at 780-781. But it also recognized that the various claims of a single plaintiff may be aggregated. *Id*. at 781. Here, although Michigan Head & Spine has 39 individual claims based on treatment it provided to 39 separate patients, Michigan Head & Spine is indisputably a single plaintiff attempting to aggregate its various claims. As a result, applying the rule from *Boyd*, Michigan Head & Spine may aggregate its various claims for the purposes of determining jurisdiction.

The circuit court also relied upon this Court's decision in *Priority Patient Transp LLC v Farmers Ins Exch*, unpublished per curiam opinion of the Court of Appeals, issued May 2, 2017 (Docket No. 329420). Unpublished decisions of this Court are not binding, MCR 7.215(C)(1), but they can be "instructive or persuasive," *Paris Meadows, LLC v City of Kentwood*, 287 Mich App 136 n 3; 783 NW2d 133 (2010). In *Priority Patient*, a single plaintiff filed suit against the defendant alleging that the defendant had "failed to tender personal injury protection (PIP) benefits for the medical transportation of 14 separate individuals in violation of the no-fault act . . ." *Priority Patient*, unpub op at 1. The *Priority Patient* Court correctly noted that *Boyd* held that absent a class action, multiple plaintiffs could not aggregate multiple claims to meet the jurisdictional threshold of the circuit court. *Id*. at 3. The Court also recognized a single plaintiff with multiple claims could aggregate those claims to meet or exceed the amount-in-controversy jurisdictional requirement. *Id*., citing *Moody v Home Owners Ins Co*, 304 Mich App 415; 849 NW2d 31 (2014), rev'd on other grounds by *Hodge*, 499 Mich 211 (2016). Yet, despite citing caselaw that expressly permits a single plaintiff to aggregate its various claims to reach the jurisdictional threshold, the *Priority Patient* Court concluded that the single plaintiff could not aggregate its 14 claims against the defendant to reach the jurisdictional threshold because to do so would be to "subvert" the rule in *Boyd*. *Priority Patient*, unpub op at 4. The rationale in *Priority Patient* is unpersuasive. The opinion simultaneously acknowledges that a single plaintiff may aggregate its various claims to meet or exceed the jurisdictional limits of the circuit court, and then immediately precludes a single plaintiff from taking that permissible action. Given the logical dissonance, we decline to find *Priority Patient* either instructive or persuasive.

Ostensibly, the *Priority Patient* Court was concerned that the plaintiff was aggregating the separate claims of 14 separate plaintiffs into a single action, which would be impermissible under *Boyd*. Joinder of claims, however, is governed by MCR 2.203, whereas the determination of whether the amount in controversy has been sufficiently pleaded is determined by reference to the pleadings, *Hodge*, 499 Mich at 223-224. As a result, whether claims are properly joined is an issue

-3-

separate, but related to whether a plaintiff may aggregate its properly joined claims to reach the jurisdictional limits of the circuit court.[2]

## III. CONCLUSION

Under *Hodge*, the amount in controversy is determined by reference to the pleadings. *Hodge*, 499 Mich at 223-224. Under *Boyd*, a single plaintiff may aggregate its various claims to satisfy the jurisdictional limits of the circuit court. Here, although Michigan Head & Spine has 39 separate claims, it is still just a single plaintiff aggregating its various claims. Therefore, under *Hodge* and *Boyd*, it may aggregate all of its various claims to reach the jurisdictional threshold of the circuit court. The trial court erred by holding otherwise.[3]

Reversed and remanded for further proceedings. We do not retain jurisdiction. Michigan Head & Spine may tax costs as the prevailing party. MCR 7.219(A).

/s/ Michael J. Kelly
/s/ Douglas B. Shapiro

---

[2] In the proceedings before the circuit court, defendants argued that under MCR 2.206, Michigan Head & Spine improperly joined the claims of multiple plaintiffs. The trial court expressly declined to address defendants' joinder argument. Yet, that claim is entirely without merit. Because the claims arose on or after June 11, 2019, Michigan Head & Spine has a direct claim or cause of action against defendants. See MCL 500.3112, as amended by 2019 PA 21. Therefore, contrary to defendants' arguments below, Michigan Head & Spine did not attempt to permissively join the claims of 39 separate plaintiffs under MCR 2.206(A).

Additionally, although the parties dispute whether Michigan Head & Spine must or may join all of its claims against defendants pursuant to MCR 2.203, that issue was not decided by the trial court. We may overlook preservation requirements where an issue is necessary for a proper determination of the case, particularly if the issue is one of law and the necessary facts have been presented, *Jawad A Shah MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 192-193; 920 NW2d 148 (2018); however, we decline to do so here. Unlike defendants' argument that joinder was improper under MCR 2.206, the facts necessary to determine whether the claims are properly joined under MCR 2.203 are not presently before this Court. Nor were those facts available to the trial court as the motion to dismiss was filed before the issuance of a scheduling order or any discovery, and the court's ruling was issued shortly thereafter. In its briefing, Michigan Head & Spine asserts that the claims all raise the common issue of whether the charges for their services were reasonable while defendants' briefing denies that assertion and argues that there are multiple other issues relevant to some of the claims that would justify severance of some of the cases. However, the record requires further development through discovery before the accuracy of those representations can be determined so as to allow the court to rule on a motion for severance.

[3] Given our resolution, we do not address Michigan Head & Spine's alternate argument that the circuit court erred by dismissing its claims instead of removing them to the appropriate district courts.